GILBERT THORP v. R. V. MINOR et al.

*Agency—Bailment—Damages—Minor—Negligence.*

A horse belonging to M., a defendant, but in the possession of another defendant, was lent by the latter to his clerk to drive to a picnic, with instructions to return it; the horse was brought back by a boy eighteen or nineteen years old, who was also made a defendant (but had no guardian), who left it standing unhitched in the street, where it became frightened and ran away and damaged plaintiff's horse: *Held,*

1. That plaintiff was not entitled to recover against the minor, no guardian *ad litem* having been appointed to represent him.

2. Nor against the clerk, for there was no allegation against him in the complaint.

3. Nor against the owner, or the defendant who lent the horse, for that the person guilty of the negligence was not in their employment.

CIVIL ACTION, tried at January Term, 1891, of GRANVILLE Superior Court, *Boykin, J*, presiding.

The defendant R. V. Minor was the owner of a horse, which he permitted to remain with the defendants Meadows and Wilkerson, when he rented his warehouse to them, and all three occasionally used the horse. On the day in question W. A. Wilkerson, who was a clerk in the employ of the firm, obtained the use of the horse by permission of Meadows

(without the knowledge or authority of Minor, the owner of the horse), to drive to a picnic, and Meadows told· him to send the horse back if he had an opportunity to do so, which he did by the defendant Hester, a boy of eighteen or nineteen years of age, and who was not in the employ of Meadows & Wilkerson or of Minor.   It was further in evidence that the defendant Hester left the horse standing in the street un-hitched, under charge of no one, that the horse ran away and ran violently against plaintiff's horse in spite of his efforts to prevent it and damaged plaintiff's horse by running the buggy shaft into his shoulder, so that he died.   The Court intimated an opinion that plaintiff could not recover of Hester because he was a minor and no guardian *ad litem* had been appointed, nor against Meadows and Wilkerson, because there was no evidence that Hester was in their employ.   The plaintiff, in deference to the intimation of the Court, took a nonsuit and appealed.

*Messrs. R. H. Battle, S. F. Mordecai* and *A. W. Graham,* for plaintiff.

*Mr. T. T. Hicks,* for defendant.

CLARK, J.—having stated the case as above, proceeded: We concur with his Honor—

1. The plaintiff could not recover against the defendant Hester, because he was an infant and no guardian *ad litem* had been appointed.

2. Nor against the clerk, W. A. Wilkerson, for there is no allegation of any kind against him in the complaint, his name not being so much as mentioned therein.   There must be *allegata* as well as *probata.*

3. Nor against Meadows and Wilkerson, as the evidence did not disclose that Hester was in their employ.   The clerk (W. A. Wilkerson), as to the use of the horse, was not acting in the scope of his employment, and it was as if the horse had

been loaned or hired to anyone else. The mere request to the clerk to send the horse back would not have made the firm responsible for the pay of the person who brought the horse back, if he charged for such service, and of course would not, therefore, have made them responsible for his negligence. Whether the clerk borrowed or hired the horse, it was an implied part of the hiring or borrowing that he should return the horse, and if he chose to send him back by another, such other was his servant and not the servant of the firm. If the clerk had driven the horse back himself, the firm would not have been responsible for his negligence, nor can they be made liable because he chose to send him back by a substitute.

4. Nor is there any evidence to charge the owner, Minor, with negligence or liability in any respect.

Affirmed.