Hillsborough, }
Nov. 4, 1908. }

## DANFORTH *v.* FISHER.

An employer is not liable for injuries occasioned to a third person by the negligence of his servant while the latter, although using the instrumentalities of the master, is engaged for his own purposes in some act beyond the scope of his employment.

CASE, for personal injuries. Trial by jury. A nonsuit was ordered at the close of the plaintiff's evidence, and he excepted. Transferred from the January term, 1908, of the superior court by *Chamberlin*, J. The evidence tended to prove that one of a pair of horses which the plaintiff was driving upon a highway was struck by an automobile owned by the defendant and operated at the time by one McCauley, and that the plaintiff was injured by being thrown from his wagon as a result of the collision.

*Osgood & Osgood*, for the plaintiff.

*Branch & Branch*, for the defendant.

YOUNG, J.   1. However it may be in other jurisdictions, in this state the test to determine whether a master is liable to a stranger for the consequences of his servant's misconduct is to inquire whether the latter was doing what he was employed to do at the time he caused the injury complained of. If he was, the fact that he was not doing it in the way expected is immaterial. *Rowell* v. *Railroad*, 68 N. H. 358.   But if at the time he did the act which caused the injury he was not acting within the scope of his employment, the master is not liable.   *Cordner* v. *Railroad*, 72 N. H. 413; *Turley* v. *Railroad*, 70 N. H. 348; *Searle* v. *Parke*, 68 N. H. 311; *Page* v. *Hodge*, 63 N. H. 610; *Andrews* v. *Green*, 62 N. H. 436; *Grimes* v. *Keene*, 52 N. H. 330, 335; *Wilson* v. *Peverly*, 2 N. H. 548.

At five o'clock on the day of the accident, McCauley, who was employed by the defendant as a chauffeur, took the automobile from the place where it was kept, drove to the defendant's store, and awaited orders.   He was told to get his supper and to be at the New City Hotel with the automobile at a quarter before seven o'clock.   After he had eaten supper, instead of taking the car to the hotel according to the defendant's order, he drove to West Manchester, a mile or two distant from his boarding place and in an opposite direction from the hotel, for the purpose of calling upon a friend.   At the time of the accident he had finished his call and was on his way to the hotel.

Although the evidence shows that McCauley was the defendant's servant, and that he drove the automobile against the plaintiff's horse and caused the animal to run away, it also shows that he took the automobile without the defendant's permission and went with it on an errand of his own—that he was acting for himself, and not for the defendant, at that time. As it cannot be found from the evidence that McCauley was doing what he was employed to do at the time the plaintiff was injured, there was no error in the order of nonsuit.

2. The plaintiff contends that the law of this state on the subject is not in harmony with the view which obtains in most common-law jurisdictions. That his contention is not well founded will appear from an examination of the authorities. *Perlstein* v. *Company*, 177 Mass. 530; *McCarthy* v. *Timmins*, 178 Mass. 378; *Stone* v. *Hills*, 45 Conn. 44; *Fiske* v. *Enders*, 73 Conn. 338; *Doran* v. *Thomsen*, 74 N. J. Law 445; *Quigley* v. *Thompson*, 211 Pa. St. 107; *Lotz* v. *Hanlon*, 217 Pa. St. 339; *Thorp* v. *Minor*, 109 N. C. 152; *Lewis* v. *Amorous*, (Ga.) 59 S. E. Rep. 338; *Reaume* v. *Newcomb*, 124 Mich. 137; *Reynolds* v. *Buck*, 127 Ia. 601; *Slater* v. *Company*, 97 Minn. 305; *Evans* v. *Company*, 121 Mo. App. 266; *Jones* v. *Hoge*, (Wash.) 92 Pac. Rep. 433; *Patterson* v. *Kates*, 152 Fed. Rep. 481; 26 Cyc. 1538; 20 Am. & Eng. Enc. Law 163, *et seq.*; 34 Cent. Dig., *tit.* Master & Servant, *ss.* 1219, 1220.

3. The defendant is not liable merely because he was the owner of the automobile by which the plaintiff was injured. If the legislature can enact that an automobile or its owner shall be liable for any injury the driver may do to others whenever the driver would be, it has not seen fit to do so. Nor is there any force in the plaintiff's contention that the owner of an automobile is liable to strangers in the same way and to the same extent he would be if it were a wild animal. If it were the law of this state that one who has a dangerous element or a wild animal on his premises is liable for all the damage it does after escaping from his control, that rule would have no application to the facts here presented. In this case the automobile did not escape from the defendant's control; it was taken from him by McCauley. There is nothing inherently dangerous about an automobile, any more than about an axe. Both are harmless so long as no one attempts to use them, and both are likely to injure those who come in contact with them when they are used for the purpose for which they were intended.

The case does not stand exactly as it would if the defendant had employed McCauley to care for his horse, and the latter had driven the animal to West Manchester and left it unhitched in

the street while he made a call upon his friend. In such case, if the horse ran away and injured a third person, there would be a basis for the argument that McCauley's wrongful act in driving the horse to West Manchester was the occasion, and his leaving it unhitched was the cause, of the injury. *Hayes* v. *Wilkins*, 194 Mass. 223; *Ritchie* v. *Waller*, 64 Conn. 155; *Loomis* v. *Hollister*, 75 Conn. 275; *Joel* v. *Morison*, 6 C. & P. 501.

4. If it were conceded that McCauley was a reckless operator and that the defendant was aware of that fact, it could not be found that the continued employment of a careless servant by the defendant was the legal cause of the plaintiff's injury. Knowledge that McCauley was habitually careless in the operation of the automobile has no tendency to prove that the defendant ought to have known or anticipated that he would steal the vehicle, or use it for his own purposes contrary to the owner's explicit order; and unless that fact is found, it cannot be said that the defendant's fault in employing a chauffeur whom he knew to be reckless was the cause of the plaintiff's injury.

The question whether the plaintiff could recover if the defendant had known McCauley was likely to use the automobile without permission is not in issue, and no opinion is intended to be expressed thereon.

*Exception overruled.*

All concurred.