Belknap, }
May 6, 1919. }

## BURT S. DEARBORN, Adm'r, v. ALVAN T. FULLER.

A principal is not liable for the acts of an agent outside the scope of his authority; though the extent of an agent's authority may be a question of fact, whether there be any evidence to prove such authority is one of law.

The rule that notice of facts to an agent is constructive notice thereof to his principal applies only where the notice arises from or is at the time connected with the subject-matter of the agency.

CASE, for negligently causing the death of the plaintiff's intestate William Wallace. Trial by jury and verdict for the plaintiff.

The intestate was injured by being thrown from an automobile in which he was riding and which was driven by one Freeman, who was at the time engaged in his employment for the defendant as the general sales agent in this state for the defendant's motor sales agency. The defendant owned the automobile, and there was no evidence that Freeman was not a skilful driver.

A bargain for a car, through Freeman's agency, had been completed by Wallace the day before the accident. He and a local agent had signed a contract, which had been sent to Boston to be validated by an executive officer of the defendant's organization. He was to be in Boston the next day, and Freeman suggested that, as he was to be there with a car, Wallace could ride back with him as far as Manchester. It was arranged that if Wallace decided to do so he would telephone to Freeman at the defendant's Boston office. This was done, the parties met at an agreed place, and the accident occurred while Wallace was being transported under these conditions.

The defendant had a rule that "No driver or employee of the company is permitted to take anyone in a car of the company other than a customer, who is being demonstrated a car, or someone connected with him — meaning the customer." Wallace did not go to the defendant's place of business, or transact any business with him on the day of the accident.

The defendant's motions for a nonsuit and a directed verdict were denied, subject to exception, by *Allen*, J., who transferred the case from the March term, 1918, of the superior court.

*Jewett & Jewett* (*Mr. Theo S. Jewett* orally), for the plaintiff.

*Foster & Lake* and *Owen & Veazey* (*Mr. Owen* orally), for the defendant.

Peaslee, J. If at the time Freeman caused the injury he was not acting within the scope of his employment, the defendant is not liable. *Danforth* v. *Fisher,* 75 N. H. 111. The evidence is conclusive to the effect that Freeman had no authority from the defendant to carry Wallace as a passenger. This excess of his authority continued as long as Freeman pursued the unauthorized course of conduct. He not only exceeded his authority in asking Wallace to ride, but also in receiving him into the car and in thereafter transporting him therein. In all that Freeman did touching the carriage of Wallace he acted outside the authority conferred upon him. From first to last it was his own undertaking and not that of the defendant.

But it is said that, conceding this to be so, Freeman occupied a dual position. Personally, he was the host of Wallace, who rode as his guest, and as agent of the defendant he was engaged in driving the car from Boston to Manchester. Hence it is said, the defendant, through Freeman, knew of Wallace's presence and was bound to act reasonably towards him in the operation of the car. The defect in this reasoning is that when the agent acts in this dual way knowledge on his part is not chargeable to his principal. *Brookhouse* v. *Company,* 73 N. H. 368. The application of the rule charging the principal with his agent's knowledge "is limited by the reasons that sustain it." *Clark* v. *Marshall,* 62 N. H. 498. Those reasons are wholly lacking in the present case.

In driving the car to Manchester, Freeman was acting as the host of Wallace. Although driving the car also promoted the defendant's business, such promotion bore no relation to the carriage of Wallace. The transportation of Wallace in no way aided the defendant's work of taking the car to Manchester. It was not a reckless or careless method Freeman used to do his master's work, but a distinct undertaking of his own. If the dual character of Freeman's acts is to be considered at all it must be followed throughout the transaction. So far as he operated the car to carry Wallace, he did so as an individual. So far as Wallace was concerned it was Freeman, and not the defendant's agent, who drove the car.

The law of agency rests upon the theory of a reasonable responsibility for acts of one's servants. It is apparent that any theory which would result in making the defendant liable to Wallace for this accident, on the facts now appearing in evidence, would impose an unreasonable and unjust burden upon the employer.

The suggestion that Freeman had apparent authority to extend the invitation to Wallace, on behalf of the defendant, and that

Wallace acted on the strength of such appearances, is not borne out by any evidence. There was nothing tending to show a custom of automobile dealers in general, or of this defendant, to so conduct the business. The evidence was that the defendant forbade such a proceeding, and there was no testimony tending to show that the situation was misunderstood by Wallace.

As there was no evidence to sustain a finding that Freeman was acting as the defendant's agent in carrying Wallace, it is not neces-sary to consider many of the questions which have been argued. While it is true, as the plaintiff claims, that the extent of the authority conferred upon an agent may be a question of fact, yet the question whether there is any evidence to prove it is one of law. The plaintiff fails because he did not introduce evidence of the essential fact. If there had been testimony from which a finding of authority conferred could reasonably have been made, the case would have been for the jury; but it was error to permit them to find the fact without evi-dence.

The defendant's motions should have been granted.

*Verdict set aside: judgment for the defendant.*

All concurred.