Hillsborough, }
   Jan. 6, 1920. }

ROBERT H. WILKINSON *by his next friend* MABEL F.
WILKINSON *v.* MOORE & PRESTON COAL CO.

A master is not liable for the acts of his servant while acting outside the scope
   of his employment.
The owner of a coal wagon, whose driver contrary to orders had permitted the
   plaintiff to ride thereon in return for his assistance in unloading coal, is not
   liable for injuries caused by the driver's negligence in the absence of evidence
   of any necessity for such assistance or of a custom so to compensate therefor.

CASE, for negligence. Trial by jury and verdict for the defendants. The plaintiff testified that one of the defendants' drivers in return for assistance in unloading coal subsequently permitted him to ride upon the unloaded wagon, and that while so riding he was injured by the driver's negligence. The plaintiff excepted to the ruling by the court that there was no evidence the plaintiff was an invitee and to the refusal to instruct the jury that the driver in permitting the plaintiff to ride was or could be found to have been acting within the scope of his employment. The defendants excepted to the refusal to direct a verdict for them. Transferred by *Branch*, J., from the January term, 1919, of the superior court. The facts relevant to the exceptions appear in the opinion.

*George I. Haselton*, for the plaintiff.

*Warren, Howe & Wilson*, for the defendants.

PARSONS, C. J. If the driver caused the plaintiff's injury and at the time was not acting within the scope of his employment, the defendants are not liable. *Danforth* v. *Fisher*, 75 N. H. 111; *Dearborn* v. *Fuller, ante*, 217.

As there was no evidence of a custom of drivers of coal wagons to employ assistance in unloading, payable in rides, or that the assistance was reasonably necessary in this instance, there was no answer to the uncontradicted evidence that the defendants' drivers were not authorized to employ assistants or furnish rides.

There was no error in the refusal to submit this question to the jury. *Dearborn* v. *Fuller, supra; Davison* v. *Parks, ante*, 262. As the driver had no authority in fact or in law to invite the plaintiff

to ride because doing so was not within the scope of his employment, his invitation, if given, was not the invitation of the defendants. The ruling that the plaintiff was not an invitee was correct.

As the jury have found for the defendants, it is unnecessary to consider whether a verdict should have been directed for them.

*Exceptions overruled.*

All concurred.