Rockingham, }
April 5, 1921. }

HATTIE A. ELLSMORE, *Adm'x*, *v.* DIRECTOR GENERAL OF RAILROADS.

CLARENCE W. BABINE *v.* SAME.

An invitation to ride upon the rear of a tender, given by a brakeman in violation
of a rule of the railroad, places it under no obligation to operate its engine with
due care for the safety of such invitee in the absence of evidence that the en-
gineer knew or should have known of his presence thereon.

TWO ACTIONS, of negligence for personal injuries, resulting in
death in one case. The actions were tried together by jury.

At the close of the plaintiffs' evidence, the defendant's motions for
a nonsuit in both cases were granted, subject to the plaintiffs' excep-
tions. The facts appear in the opinion. Transferred from the May
term, 1920, of the superior court by *Allen*, J.

*Sleeper & Brown* (*Mr. Sleeper* orally), for the plaintiffs.

*Albert R. Hatch* and *Hughes & Doe* (*Mr. Doe* orally), for the de-
fendant.

PLUMMER, J. The accident occurred at Newton Junction, where
there is a long siding westerly of the south bound main railroad track.
At the northerly end of this siding and connecting with the south
bound main track there is a spur track running to the northwest into
the premises of the Boston Ice Company.

On the evening of the accident there were two cars loaded with ice
for the railroad to draw out, which the ice company had placed on
the spur track two hundred feet or more from the railroad's right
of way. At about ten o'clock that evening a south bound freight train
stopped on the south bound main track. The engine was uncoupled
from the train, and run forward to the switch for the siding at its
southerly end.

The plaintiffs' evidence tended to prove that there a brakeman,
who was throwing the switch, invited the plaintiff, Babine, and the
decedent, who were employees of the Boston Ice Company, to get
onto the rear end of the engine's tender, and ride, which they did.
They stood on the beam at the back of the tender. The engine then
went forward to the freight station, and after some waybills were
obtained, it was backed down on the siding, and from thence onto the

spur track, where it collided with the two freight cars loaded with ice. In the collision the plaintiff, Babine, was injured, and the decedent, Ellsmore, was instantly killed.

The court found that, if the defendant owed them the duty of due care, there was evidence tending to show that the duty was violated. There was a rule of the defendant which provided that "the only persons allowed to ride on locomotives without permits issued by the proper authority are the general officers of the operating department, division officers, trainmen in the discharge of their duties, enginemen and conductors learning the road, holding written authority of the superintendent."

It is claimed that this rule was abrogated because it was customary for people to ride on the defendant's empty freight cars and engines between Newton Junction and the ice houses. There was evidence that persons had so ridden on the defendant's empty freight cars, and one witness testified that he had ridden in the cab of an engine. But it did not appear that anyone had ever ridden upon the rear end of an engine's tender, where the brakeman invited these parties to ride, or that employees of the defendant had ever before invited anyone to ride on an engine. There is no evidence of custom, so far as this case is concerned, that invalidates the rule of the railroad relative to riding upon locomotives. The brakeman, who on the evidence of the plaintiffs, invited Babine and the decedent to ride on the engine, did so in direct violation of the rule of the railroad. He had no authority to extend such an invitation. And the defendant was placed under no obligation with respect to these parties by reason thereof. It was an unauthorized act of the brakeman for which the defendant was not responsible. Under the decision of *Dearborn* v. *Fuller*, 79 N. H. 217, the plaintiffs cannot maintain their actions. Moreover the facts in the case bring it fairly within the principle laid down in *Garland* v. *Railroad*, 76 N. H. 556, in which it was held that the plaintiff could not recover. In the instant case the plaintiff, Babine, and the decedent were trespassers upon the defendant's engine. It is alleged that the accident was caused to them by the negligence of the defendant's engineer. It cannot be found upon the evidence that the engineer knew, or was at fault for not knowing, that these parties were riding upon the engine. The brakeman, who, it is claimed, invited the men to ride, was in the cab of the engine, but his failure to inform the engineer of their presence on the engine cannot be charged to the defendant. His invitation to them was in violation of the rule of the railroad, and beyond the scope of his employment. He was neither

employed by the defendant to invite these men to ride on the engine, nor to care for their safety while so doing, and his negligence in this respect cannot be imputed to the defendant. *Danforth* v. *Fisher*, 75 N. H. 111. In *McGill* v. *Company*, 70 N. H. 125, 127, it was said: "It must appear, to render the defendants liable, that the action or omission to act, of which complaint is made, constituted a breach of a duty owed the plaintiff by the defendants."

The application of this rule to the facts here imposes no liability upon the defendant. Although the parties, for whose injuries damages are sought, were trespassers upon the defendant's locomotive, still he owed them the duty not to negligently injure them after their presence in a dangerous situation was known to him, or if he should have anticipated their presence there. *Buch* v. *Company*, 69 N. H. 257; *Shea* v. *Railroad*, 69 N. H. 361; *Davis* v. *Railroad*, 70 N. H. 519; *Myers* v. *Railroad*, 72 N. H. 175. But the engineer, who was the representative of the defendant, and upon whom negligence is charged, did not know that these parties were upon the engine, and their presence there was not to be anticipated. He was not required to foresee their chance or casual trespass. *Garland* v. *Railroad, supra.*

*Exceptions overruled.*

All concurred.