Cheshire,
April 5, 1921.

## LOUIS DEFOE *v*. FRED A. STRATTON.

A master is liable to a stranger for the consequence of his servant's misconduct, if he was doing what he was employed to do at the time he caused the injury complained of though not in the way expected by the master.

CASE, to recover for personal injuries received in a collision between a cart on which the plaintiff was riding and an automobile of the defendant, driven by the defendant's servant, Joseph Jalbert, on a public highway in Jaffrey. Trial by jury and verdict for the defendant.

The plaintiff's evidence tended to prove that the defendant runs a livery stable and transports passengers both by team and automobile. Jalbert was experienced in driving Ford cars, of which the defendant had two, and had been hired by the defendant to work in and around the stable and to drive the Ford cars. The defendant also had a Cadillac, which was used to transport passengers, but this car was driven only by the defendant's foreman, Leon W. Priest. The defendant and his foreman had given Jalbert express directions never to touch the Cadillac. Jalbert slept in the defendant's stable, and it was a part of his duty to take passengers to the early morning trains. Orders were left at the office for the transportation of passengers to the early morning train, and it was Jalbert's duty to scrutinize the records and see that the passengers were carried to the railroad station. Prior to the collision he had always done this either by team or with a Ford.

On the evening prior to the collision, Jalbert had made use of one of the defendant's Ford cars to transport passengers, and the supply of gasoline had given out, so that Jalbert had to abandon the car about forty rods from the defendant's stable. The other Ford car was in the

garage at Peterboro and the Cadillac was the only car at the defendant's stable. The defendant always kept an ample supply of gasoline at the stable. On the morning of the accident, Jalbert, without the knowledge of the defendant, took the Cadillac car to carry two passengers to an early train, and while he was so employed the accident occurred.

Subject to exception, the jury were instructed that there could be no recovery unless they found that the defendant ratified Jalbert's act. Upon inquiry by the court, the foreman stated that the verdict was based upon lack of authority. Transferred from the April term, 1920, of the superior court by *Sawyer*, J.

*Joseph Madden* and *Owen A. Hoban* (of Massachusetts), for the plaintiff.

*Roy M. Pickard* and *Orville E. Cain*, for the defendant.

PEASLEE, J. "In this state the test to determine whether the master is liable to a stranger for the consequences of his servant's misconduct is to inquire whether the latter was doing what he was employed to do at the time he caused the injury complained of. If he was, the fact that he was not doing it in the way expected is immaterial." *Danforth* v. *Fisher*, 75 N. H. 111.

A master is liable for acts done by his servants in the prosecution of the work they are employed to do, even though the particular act is in violation of orders given by the master. *Richard* v. *Company*, 79 N. H. 380. "The law holds the master responsible for what the servant does, or omits, in conducting the master's business, because the master has voluntarily substituted for his personal management and supervision that of the servant." 18 R. C. L. 796. The phrase "scope of employment" is not susceptible of an exact limitation because the matter involved is a mixed question of law and fact. *Richard* v. *Company, supra.*

In the present case the defendant put his servant Jalbert in charge of carrying passengers who applied for transportation. There were three automobiles which were commonly used for this purpose, but Jalbert's orders were that he should not use the Cadillac car. Passengers applied for transportation, the other cars were not available, and Jalbert, who was alone at the defendant's place of business, took the Cadillac to carry the passengers and while so employed caused the injury complained of. The facts present a typical case of the servant

doing the work he was employed to do in a manner forbidden to him by the master.    Jalbert was employed to carry passengers who applied for transportation, and he was engaged in such transportation.    The act he was doing was in line with what his employer hired him to do. The departure from instructions was in a matter of detail only. Selection of the means of transportation had been entrusted to Jalbert, and a special limitation upon such authority is immaterial. *Danforth* v. *Fisher, supra.*

It is contended by the defendant that as he had forbidden Jalbert's use of this car such use would be outside the scope of Jalbert's employment, and the defendant would not be liable.    This argument would defeat a recovery in every case where the servant acts in violation of orders.    It ignores the distinction between what work the servant was employed to do and the method employed in doing the work.

*Dearborn* v. *Fuller*, 79 N. H. 217, relied upon by the defendant, is not in point.    In that case the defendant did not employ his servant to carry passengers at all, and was not engaged in that business. The conclusion that such unauthorized carriage would be outside the scope of the servant's employment has no application to facts like those in the present case.

The contention that the question of authority was submitted to the jury cannot be sustained.    They were expressly instructed that there was no authority unless a ratification was proved, and their statement that the verdict was based upon lack of authority related to the issue of ratification only.

The jury should have been instructed that if they found that the defendant placed Jalbert in charge of the execution of the work of carrying passengers, the defendant would be liable for Jalbert's acts done for the authorized purpose, although he had been forbidden to execute his authority in the way he did at the time of the accident.

*Exception sustained.*

All concurred.