Rockingham, ⎱
Jan. 6, 1925. ⎰

## JENNIE GROATZ v. JOHN L. R. DAY.

The owner of an automobile is not liable for the negligence of one to whom it has been entrusted for a certain purpose, and who is using it for his own pleasure in a manner in no way related to that purpose.

CASE, for personal injuries received in a collision between the defendant's automobile and a wagon in which the plaintiff was riding upon a public highway in Exeter. Trial by jury. At the close of the evidence a verdict was directed for the defendant subject to the plaintiff's exception. Transferred by *Allen,* J.

*Sleeper & Brown (Mr. Sleeper* orally), for the plaintiff.

*George T. Hughes,* for the defendant.

SNOW, J. The defendant employed one Jackson, in consideration of the ride, to take the former's automobile from Danville to a garage at Exeter for repairs. Jackson was charged with no other duties for the defendant. Upon his arrival at the garage, finding the mechanician engaged, Jackson drove about town and returned later, when it was determined that the repairs would require new parts which could not be obtained for some days. He thereupon went to Little Boar's Head in North Hampton solely for a ride for himself and a friend who had accompanied him on the trip. This took him in the opposite direction from Danville. The accident occurred in the suburbs of Exeter upon the return trip from North Hampton. There was evidence of Jackson's negligence.

It conclusively appears that at the time of the accident Jackson was not doing what he was employed to do but was engaged in the independent undertaking of a pleasure trip for himself and his friend. At the time of the accident he did not represent the defendant either as servant or as agent but was acting solely for himself. Under

similar circumstances it has repeatedly been held that the owner of the automobile is not chargeable with the negligence of the driver. *Danforth* v. *Fisher*, 75 N. H. 111, 112; *Dearborn* v. *Fuller*, 79 N. H. 217, 218; *Roulias* v. *Crafts, ante,* 107, 108; *Moulton* v. *Langley, ante,* 138, 142.

The plaintiff argues that, since the pleasure of riding was the consideration for Jackson's services, and as no limit was expressly placed by the defendant upon his use of the car, it could be found that in taking the trip to North Hampton he was collecting pay for services, and that, therefore, such use of the car was not illegal. If the evidence warranted such a finding it would not help the plaintiff, since the defence is based not upon the illegality of the use of the car but upon the want of agency in the driver. The argument amounts to no more than a claim that, at the time of the accident, Jackson was legally operating a car, let to him by the defendant in payment of services rendered. On this theory Jackson was the bailee or lessee of the defendant, not his agent. As the defendant had no business beyond Exeter, the plaintiff's argument only emphasizes the fact that Jackson, at the time of the accident, was engaged upon an errand of his own.

The evidence does not warrant the further claim of the plaintiff that it could be found that the accident occurred before the second and final call at the garage, and that Jackson was at the time of the accident riding about town caring for the car in "a way he might be expected to do while waiting" for repairs.

*Exception overruled.*

ALLEN, J., did not sit: the others concurred.