Strafford,
March 5, 1935.

UTICA MUTUAL INSURANCE CO. *v.* EUGENE R. LANGEVIN & a.

*Devine & Tobin* (*Mr. Tobin* orally), for the plaintiff.

*Conrad E. Snow* and *Justin A. Emery* (*Mr. Snow* orally), for the defendant Langevin.

ALLEN, C. J. It is the plaintiff's position that although driving the truck within his employment, the employee was making an unpermitted use of it in carrying Langevin as a passenger, and that therefore the liability for injuring him was uninsured. It is argued that the non-liability of the employer (*Dearborn* v. *Fuller*, 79 N. H. 217; *Wilkinson* v. *Company*, 79 N. H. 335; *Ellsmore* v. *Railroad*, 80 N. H. 100; *Cain* v. *Wickens*, 81 N. H. 99; *Roulias* v. *Crafts*, 81 N. H. 107; *Moulton* v. *Langley*, 81 N. H. 138; *Groatz* v. *Day*, 81 N. H. 417; *Ramsdell* v. *Company*, 86 N. H. 457) relieves the insurer.

This does not follow. The issue is of the extent of the insurance the employee received. He may be insured, the same as a bailee not in the employer's service, for a liability for conduct not chargeable to the employer. The employer's liability for the employee's fault is the test of the insurer's only if the policy so reads.

The predominant purpose of the policy, as to the employee, is to insure him for all his liability in the use and operation of the truck within the course of service the policy covers. His insurance is not measured by that of the employer but is independent of it, if he is using the truck within the coverage. There was bought a policy to insure all his liability while using and operating the truck with the employer's consent and for a purpose the policy authorized. Insurance for the employee was intended to be given in this respect on the same basis as that for a bailee to whom the possession of the truck might be entrusted for his own uses and purposes. Otherwise, as the brief for the passenger points out, the employee's insurance would have but little real value. If he is only insured for conduct for which the employer is liable under the law of master and servant, the employer's liability and the insurance therefor would usually be a full protection for the employee as a practical proposition. In cases where the employer is responsible, his liability instead of the employee's is ordinarily pursued.

The employee's possession of the truck was rightful, he was using it in the employer's business, and his operation of it was within his service. While he had no right to invite others to ride, likewise he had no right to operate the truck negligently. Carrying passengers and negligent operation were both unauthorized. If the carrying

was without, and the negligence within, the scope of the employment, the policy does not make the difference a test of insurance.

The dual status of the employee in acting at the same time within and without the promotion of his employer's business may be assumed (*Dearborn* v. *Fuller*, 79 N. H. 217, 218), but the question here is not of the validity of the distinction. It is, instead, whether the policy makes the distinction. Nothing is found thus to construe the policy. On the contrary, its purpose to give an unnamed insured as much insurance as the named assured has seems unmistakable. The policy by its terms is "available, in the same manner and under the same conditions," to them as it is to him. If there is at the same time both an authorized and unauthorized use, the policy protects for liability arising from the latter as much as from the former use.

Cases like *Sauriolle* v. *O'Gorman*, 86 N. H. 39, are not applicable. There the employee went outside his employment and his use and operation were unpermitted at the time he incurred liability. Here such permission remained in force. The unauthorized act outside the employment did not revoke or otherwise affect the use for which there was permission at the time. There being such use, the employee was insured.

Confirmatory evidence to support this view of the policy is found in the statute (Laws 1927, *c*. 54) pursuant to which it is assumed the policy was issued. By the statute protection is to be secured for the named insured and "any person responsible for the operation" of the truck with the named insured's consent. *Ib.*, *s*. 1, ii. "Any person operating the car with the owner's consent" is insured. *Sauriolle* v. *O'Gorman*, 86 N. H. 39, 46. Considering the policy with reference to the statute, the language of the statute indicates no exception or exclusion of insurance for an unpermitted use when at the same time there is a permitted one.

The clause of the policy excluding insurance for a use other than that specified applies to all parties insured. Neither the named assured, his agents or servants, nor a bailee are insured except for the kind of use the policy authorizes. It is a limitation of general coverage, and not of special coverage for an employee or bailee. It confines the use to prescribed purposes, applicable to all who are insured, and does not, within such purposes, narrow or restrict the insurance of any of them. There being coverage, the insured's liability is covered unrestrictedly.

*Exception overruled.*

All concurred.