## HARTFORD ACCIDENT & INDEMNITY CO. v. COLLINS.*
### No. 8686.

Circuit Court of Appeals, Fifth Circuit.
April 14, 1938.

*Rehearing denied June 4, 1938.

84

C. E. Hardin and Thos. F. Porter, both of Lake Charles, La., for appellant.

S. W. Plauche, of Lake Charles, La., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Collins was injured in an automobile collision while riding in a car belonging to Continental Oil Company and driven by its employee Waltermeyer. The rules of the company prohibited its employees from carrying guests, but Waltermeyer in disregard of the rule had invited Collins to go with him on a trip which was in the line of his employment. The collision was found due to Waltermeyer's negligent driving in a suit brought by Collins against the company and Waltermeyer, and against Hartford Accident & Indemnity Company as insurer. Recovery was had against Waltermeyer and the indemnity company. The last named alone appeals, making the single question whether it is liable under its policy.

The policy was taken out by Continental Oil Company as the "named insured," but covered also other persons making use of the company's cars "incidental to the business of the insured, including private and pleasure uses." In Coverage A it agreed "to pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of liability imposed by law upon him for damages * * * caused by accident and arising out of the * * * use of the automobile." The Continental Oil Company having been acquitted of liability by the jury, there is no liability under the policy in its behalf as an insured. But the policy continues: "II. Definition of 'Insured': The unqualified word 'insured' wherever used in Coverages A & B or in other parts of this policy when applicable to these coverages, includes not only the named insured but also any other person using the automobile * * * provided the declared and actual use of the automobile is 'pleasure or business,' or 'commercial,' each as defined herein, and provided further that the actual use is with the permission of the named insured." Waltermeyer, as user of the car, was an insured, unless excluded by the last proviso, that the actual use must be with permission of Continental Oil Company, the named insured. Waltermeyer's use of the car on the trip was with his employer's permission. He was therefore in general protected against liability for damages. If he had struck Collins on the road, he would be insured. If he had hurt someone riding with him not in violation of rules, he would be protected by the policy. Does the fact that he was violating a rule in taking Collins into the car annul the employer's permission to use the car? We think not. The rules might have fixed a speed for driving, or a load limit to be observed. Violation of such rules, though contributing to the accident which caused the liability for damage, will not destroy the coverage of the policy, so long as permission to use the car remains. The policy makes no reference to the named assured's rules; they do not enter into the insurance. If the insurer intended to restrict the insurance to blameless users by permission of the automobiles, the language of the policy ought clearly so to provide. The terms used in a policy are always construed against the insurer who proposes them, when the meaning is doubtful. We think Waltermeyer continued to be an insured, though he broke a rule of his employer in taking a companion into the automobile. A like conclusion was reached in Utica Mutual Ins. Co. v. Langevin, 87 N.H. 267, 177 A. 549; Johnson v. National Casualty Co., La.App., 176 So. 235; and Ruiz v. Clancy, 182 La. 935, 162 So. 734.

Judgment affirmed.