Hillsborough,
June 25, 1941. } No. 3243.

TRAVELERS INSURANCE COMPANY & a. v. REBECCA MARCOUX & a.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Booth* orally), for the plaintiff.

*Robert J. Doyle* (by brief and orally), for the defendant Marcoux.

BRANCH, J.  Simone Potvin is the daughter of Joseph E. Potvin, who is a salesman in the employ of the defendant Fitch Motor Company, Inc.  In 1937, the Fitch Motor Company, Inc. assigned to him, as a demonstrator, a cream-colored Chevrolet automobile. This car was to be used by Potvin "in the sale of automobiles" and also "to go back and forth to our work."  He testified that it was a rule of the Fitch Motor Company, Inc. "not to let anyone use them [demonstrators] except for business purposes only."  Nevertheless Simone learned to drive her father's demonstrator and used it for her own purposes two or three times a week in the evening.  She always got the car through her father and there was no evidence to charge his employer with knowledge of this use.

On the day before the accident, Mr. Potvin made a sale of a used car, and as a part of the transaction, agreed with the purchaser "to transfer his plates for him."  Accordingly, upon August 21, 1937, he "sent Simone to Concord to change the registration" using the cream-colored demonstrator for that purpose.  She left the garage of the Fitch Motor Company at about 11 o'clock without the knowledge of anyone in authority and returned about 12, to find that her father had gone home to dinner in another car.  She accordingly drove the demonstrator home for her dinner.  During dinner, Mr. Potvin received a telephone call and at once started for the garage, leaving the demonstrator at his house and asking Simone to bring it back to the garage.

Simone was planning to attend the so-called soap-box derby with some friends that afternoon, and upon leaving the house she first drove south to Dix Street where she picked up the defendant Rebecca Marcoux; thence to a drug store on Wilson Street where she picked up her sister and a friend; thence north on Wilson Street to Lowell Street, passing on her way the route to the garage; thence west and north to High Street where the accident occurred at the corner of Pine and High Streets.  She was intending to call on High Street at

the house of Mrs. Lambert, who owned an automobile and with whom Simone expected to make arrangements for transportation to the soap-box derby.

It is unnecessary to consider the question of whether or not Simone's trip to Concord was on the business of the assured. That trip clearly terminated when she returned to the garage. Permission for the subsequent use of the car must be sought elsewhere.

The only person connected with the Fitch Motor Company who could conceivably have consented to the use of the car which she was making at the time of the accident was her father. The defendant argues that his permission was enough. The argument is as follows: "This is not a question of agency, but one of permissive use . . . Mr. Potvin was the owner's agent as respect the control of the car and the jury could properly find that he had permission to allow the daughter to drive the car as she did in order to help him on the owner's business and that when she told him the route she was going to take in order to comply with his request to take the car back to the garage and to arrange for someone to get her back from the garage, his knowledge was the owner's." The assertion that "Mr. Potvin was the owner's agent as respect the control of the car" appeared at the oral argument to be based on the following testimony of Mr. Fitch: "Q. Would you have any objection if a salesman, in accomplishing a sale, had his family assist him in bringing about the sale? A. The more the merrier, I would say." No way in which the use of the car at the time of the accident could be brought within the terms of this understanding has been pointed out to us. The statement that "she told him the route she was going to take . . . to take the car back to the garage" is, upon the evidence, extremely dubious.

The most significant thing about this argument, however, is that it contains a recognition of the fact that, in this case, the issue of permissive use depends upon the question whether the owner's business was furthered by the use of the car at the time of the accident. It may be conceded that the ultimate delivery of the car to the garage was in the owner's interest, but this was the only interest of the Fitch Motor Company in the trip, and prior decisions of this court have established that this is not sufficient to charge the owner with liability for the negligence of the driver, while on a detour for purposes of his own. *Danforth* v. *Fisher*, 75 N. H. 111; *Roulias* v. *Crafts*, 81 N. H. 107; *Groatz* v. *Day*, 81 N. H. 417; *Sauriolle* v. *O'Gorman*, 86 N. H. 39. The presence of the car at the time and place of the accident retarded rather than advanced that interest, *Sauriolle*

v. *O'Gorman, supra,* 43. It is plain that Simone, during her detour to pick up her friends on the way to the garage, was not engaged upon any business of the Fitch Motor Company and there is no evidence that she had permission, either express or implied, to use the car in the way she was using it at the time of the accident. *Liberty Mutual Insurance Co.* v. *Martel,* 88 N. H. 479. "The duty to return implied no consent to use." *Morin* v. *Insurance Co.,* 85 N. H. 471, 473.

The court properly ruled that a finding of permissive use could not be sustained and the exception of the defendant Marcoux to the order made must be overruled.

Under these circumstances the exceptions of the plaintiff do not require consideration.

*Exceptions of defendant Marcoux overruled.*

All concurred.