## HILL TRANSP. CO. v. EVERETT.

### No. 4005.

Circuit Court of Appeals, First Circuit.

Nov. 30, 1944.

Stanley M. Burns, Dover, N. H. (Walter A. Calderwood and Hughes & Burns, all of Dover, N. H., on the brief), for appellant.

William H. Sleeper, of Exeter, N. H., for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

WOODBURY, Circuit Judge.

This appeal is from a judgment entered on a verdict returned for the plaintiff in an action for personal injuries. The action was originally brought in the appropriate court of the State of New Hampshire, but, there being the requisite diversity of citizenship and amount in controversy, it was removed by the defendant to the court below.

The defendant is a Maine corporation engaged in the business of transporting passengers by bus between the City of Portsmouth, New Hampshire, and the United States Navy Yard in Kittery, Maine. On the day of the accident, September 19, 1943, one Duston, an eighteen year old boy employed by the defendant as a mechanic's helper, was sent to the Navy Yard to service busses. When he had finished that work he was directed by the defendant's despatcher at the yard to drive a certain bus with faulty carburetion to the defendant's garage on Islington Street in Portsmouth for repairs and to take along with him some passengers who wished to go to Portsmouth Square. He did so, leaving all his passengers but one at the square. This passenger lived in Merrimac, Massachusetts, and wished to go home but had missed the bus which he usually took. On the way to Portsmouth he explained to Duston that he had no money and no ticket except on the bus which he had missed, and Duston, as an accommodation, drove him out Islington Street to a point about half a mile beyond the defendant's garage where Islington Street intersects the main interstate highway used by busses from the Navy Yard bound for Merrimac. After

waiting at the intersection for about five minutes they concluded that they had missed the Merrimac bus and Duston drove on a few hundred feet and started a left hand turn into Rutland Street with the object of going around the block and returning to Portsmouth Square. While making this turn, the plaintiff, driving a motorcycle out Islington Street in the same direction as that taken by the bus, ran into the left side of the bus a few feet back of the driver's seat and sustained the injuries for which he seeks to recover in this action.

The evidence as to the plaintiff's and Duston's conduct immediately preceding the accident is conflicting. We need not analyze it in detail. It will suffice to say that we have considered it carefully and find it sufficient to entitle the plaintiff to go to the jury on the issues of his and Duston's causal negligence.

But the defendant contends that there is no evidence from which it could reasonably be found that Duston was acting within the scope of his employment when the collision occurred. We do not agree.

The evidence is vague as to whether the defendant's despatcher ordered Duston to do anything more than to drive some passengers to Portsmouth Square and then to take the bus to the defendant's garage for repairs. But however this may be, it is clear that Duston was not on a purely personal errand when he drove out Islington Street beyond the garage to the place where the accident happened, and this distinguishes the case at bar from Sauriolle v. O'Gorman, 86 N.H. 39, 163 A. 717. Duston may have driven out there on his own initiative but he did so for the accommodation of one of the defendant's passengers, not on a frolic of his own disconnected with his service. What he was doing at the time of the accident was "in line with what his employer hired him to do", and if he departed from his instructions at all, it was "in a matter of detail only." Defoe v. Stratton, 80 N.H. 109, 111, 114 A. 29, 30. This being so and his deviation from route being slight—the accident occurred "in a locality not unreasonably distant from the authorized area" (1 Am.Law Inst., Restatement of Agency § 234 and comment thereunder)—we see no error in leaving to the jury the question of whether Duston was acting within the scope of his authority when the accident occurred. Id. § 228.

The next matter for consideration is with respect to the charge. The defendant seasonably requested, but the court below declined to give, an instruction to the effect that since the bus driver was a minor his conduct should not be measured by that of the ordinary man of average prudence, as the court told the jury, but instead should be "judged according to the average conduct of persons of his age acting under the same or similar circumstances." We think that this request was properly denied and the charge as given correct.

There is no claim here that the defendant was itself negligent in any respect, that is, that with its knowledge its bus was in an unsafe or unsuitable condition for operation upon the highways, or that it had knowingly put its bus in charge of an unskillful or even, in spite of the driver's youth, an inexperienced operator. The plaintiff predicates his right to recover solely on the doctrine of respondeat superior and the causal negligence of the bus driver, and from this the defendant argues that it is not liable unless its driver was causally at fault, and he, under the rule of Charbonneau v. MacRury, 84 N.H. 501, 153 A. 457, 73 A.L.R. 1266, could not properly be found at fault unless he had failed to use the degree of care commonly exercised by the ordinary boy of his age and maturity. Logical as this argument appears we cannot adopt it.

In the case last cited the Supreme Court of New Hampshire held that when a minor is directly charged with primary negligence as well as when he is directly charged with contributory negligence, his age and stage of development are circumstances to be considered in applying the standard of reasonable conduct. But we find no case in New Hampshire or elsewhere, and none has been cited to us, in which it has been held that these circumstances are to be considered when an employer is sought to be charged vicariously for his minor servant's negligence. And we see no reason why they should be. The only reason for applying a lower standard of care when minors are concerned is to protect them from the normal consequences of their immaturity, not to protect anyone else therefrom, and we see no reason why an employer of minors should be put in a more advantageous position with re-

spect to the torts of his servants than one who employs adults. The charge as given seems to us a correct statement of the law applicable to the situation presented.

The other matters urged by the defendant on this appeal have been considered and found without merit. We do not regard them of sufficient substance to warrant discussion.

The judgment of the District Court is affirmed with costs to the appellee.