## GALLETLY v. EAGLE INDEMNITY CO.
### Civil Action No. 4527.

District Court, E. D. Pennsylvania.
May 23, 1946.

---

Abraham Nathanson and Ralph B. Umsted, both of Philadelphia, Pa., for plaintiff.

Harry Axelroth, of Axelroth & Porteous, all of Philadelphia, Pa., for garnishee.

BARD, District Judge.

The garnishee moves for judgment non obstante veredicto after a directed jury verdict in favor of plaintiff.

Plaintiff was a passenger in a motor truck owned by Warco Service, Inc., and operated by George T. Funk, Jr., an employee of Warco. The truck was involved in an accident, causing injury to plaintiff. At the time of the accident, Funk was driving the truck on the owner's business, returning on a direct route from an authorized trip in furtherance of his employer's business. However, the transportation of plaintiff, a hitch-hiker, was a direct violation of the employer's orders.

Plaintiff brought suit against Funk and Warco Service, Inc., and obtained a verdict and judgment in the amount of $7500 against Funk, but a verdict was directed by Judge Welsh in favor of Warco Service, Inc.

The present action was brought to recover against the garnishee as insurer under an insurance policy carried by Warco Service, Inc., on the basis of an omnibus coverage clause included therein. This clause provides as follows: "Definition of 'Insured.' The unqualified word 'insured' wherever used includes not only the named insured but also any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use is with the permission of the named insured, and also any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured."

At the conclusion of the evidence, I directed a verdict in favor of plaintiff. The matter is before me for reconsideration on a motion for judgment notwithstanding the verdict.

The directed verdict in plaintiff's favor was given on the authority of Hartford Accident & Indemnity Co. v. Collins, 5 Cir., 96 F.2d 83, certiorari denied, 305 U.S. 627, 59 S.Ct. 89, 83 L.Ed. 401. That case affirmed a judgment in favor of plaintiff under the exact facts of the present case.

On careful examination of the Pennsylvania cases, I find no case to the contrary. The cases cited by defendant in his brief have denied recovery under a similar policy because of a "substantial deviation" by the employee or agent from the authority or permission granted for the use of the vehicle. They are all distinguishable on their facts from the instant case.

Accordingly, defendant's motion is denied.