**TRAVELERS INDEMNITY COMPANY**

v.

**FEDERAL INSURANCE COMPANY.**

**Civ. A. No. 10774.**

United States District Court
N. D. Georgia,
Atlanta Division.

Feb. 28, 1969.

Greene, Buckley, DeRieux, Moore & Jones, James H. Moore, Atlanta, Ga., for plaintiff.

Long, Weinberg & Ansley, Palmer H. Ansley, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This case comes before the court on a claim by Travelers Indemnity Company to recover $10,024.25 from defendant, Federal Insurance Company, and on Fed-

eral's counterclaim against Travelers for $11,014.65.[1]

On October 4, 1964, Travelers Indemnity issued a comprehensive liability insurance policy to James A. Young, d/b/a James A. Young Truck Rental and Leasing Company, which covered Young's tractor-trailer. The premium Travelers charged Young was computed on the basis of the dollar volume of Young's revenue from leasing trucks to the general public. On January 1, 1964, Federal Insurance, defendant here, issued a policy of comprehensive insurance to American Syrup and Preserving Company. Both policies were in force during the crucial period at issue here.

On February 16, 1965, Young entered an agreement with American Syrup, through Billy Haynes, American Syrup's agent, in which Young's GMC tractor and Great Dane trailer were rented to American Syrup. Under the agreement, written on a form furnished by Young, American Syrup agreed, among other things, "not to . carry any passengers in the event a truck is rented hereunder" (section 3). The renter, American Syrup, also agreed that its right to insurance coverage provided by the owner, Young, terminated if it allowed the vehicle to be used, operated, or driven "in violation of any of the terms of this rental agreement" (section 9(a)).

Despite the no-passenger prohibition in the agreement between Young and American Syrup, on February 17, 1965, Haynes, American Syrup's agent, took his son with him on a business trip for his employer. The boy stayed in the sleeper behind the front seat of the tractor-trailer. At this time, Young, the owner, had no knowledge that Haynes had taken his son in the vehicle. While about American Syrup's business, Haynes had an accident on Highway 41 between Marietta and Atlanta, Georgia, in which Joseph and Rose Katz were injured. Mr. and Mrs. Katz initiated a suit in the United States District Court for the Northern District of Georgia against Haynes, the driver of the tractor-trailer, American Syrup, his employer, and James Young, the owner of the vehicle. American Syrup and Haynes sought to have Travelers Indemnity defend them in this action on the basis of the policy issued to Young, but Travelers refused coverage on the theory that Haynes had violated the no-passenger provision in the agreement with Young, the named insured. Federal Insurance, under its policy to American Syrup, then entered into a reservation of rights agreement with Travelers and assumed the defense of Haynes and American Syrup. Travelers defended Young, its insured. Subsequently, the Katz case was settled out of court. Travelers and Federal agreed to jointly and equally contribute to the $20,000 settlement and to settle the issue of actual coverage thereafter. Federal admits its own policy covers Haynes and Syrup but urges that its coverage is merely secondary to that of Travelers.

On March 9, 1965, some three weeks after the accident, American Syrup paid Young $105.68 for lease of the tractor-trailer, by which time Young knew Haynes' son had been in the vehicle at the time of the collision.

The insurance policy issued by Travelers to Young, under which Haynes and American Syrup claim coverage, insured Young and

> " * * * any person while using an owned automobile or a hired automobile (of Young's) and any person or organization legally responsible for the use thereof, provided the *actual use* of the automobile is by the named in-

---

1. The defendant also filed a motion to strike as to Travelers' contention that no coverage was afforded the parties in question because the tractor-trailer was a "hired automobile" and therefore excluded from coverage. In its brief, Travelers specifically abandons this contention and consents to the court's sustaining defendant's motion to strike on this point. Therefore, defendant's motion is GRANTED on this question.

sured (Young) or *with his permission.* * * * *" (Emphasis added.)

Thus, the policy covers not only Young, but anyone else legally responsible for the use of the tractor-trailer, provided actual use of the vehicle is by Young or someone using the vehicle with his permission. There is no contention that this omnibus clause did not cover American Syrup and its agents, such as Haynes, at the time of the rental agreement. Travelers' sole contention is that by taking his son as a passenger, Haynes breached the agreement with Young at the time of the accident and thus was driving without the "permission" necessary to be an insured under the Travelers policy. As the plaintiff succinctly puts it,

"* * * [T]he minute that Haynes took his son along as a passenger in the truck rented from Young, the use of this truck by Haynes and his employer was *without* permission of Young. Since the use of the truck was without the permission of Young, Haynes and American Syrup and Preserving Company were not insured within the meaning of the terms of the policy by Travelers Indemnity Company." (Plaintiff's brief, p. 9.)

On the other hand, Federal argues that the no-passenger restriction in the rental agreement be given a less rigid interpretation than Travelers urges, states that a causal relation must be established between the presence of the passenger and the collision, and, last, contends that Travelers waived its defenses by accepting money from American Syrup subsequent to the accident, with full knowledge that Haynes' son rode in the tractor-trailer.

The parties are in agreement that the only issue in the case is whether Haynes and/or American Syrup were operating the tractor at the time of the accident with the permission of Young so they can be considered insureds under the Travelers policy. If "permission" existed, Federal Insurance Company is entitled to recover the amount of their contribution to Travelers, plus the additional costs enumerated; if not, Travelers' claim must be allowed so that Federal, in effect, becomes the primary insurer. For the reasons set out below, the court finds that Haynes and American Syrup were insureds under the Travelers policy at the time of the accident, and that defendant's counterclaim must therefore be allowed.

First, the court holds that Haynes' son was not a "passenger" within the meaning of the no-passenger prohibition in section 3 of the Young-American Syrup rental agreement. The agreement recognizes a distinction, found in the law as well, between a "passenger" and "guest". The express prohibition in section 3 is "not to carry any passengers". However, in other sections of the agreement, both "guest" and "passenger" are mentioned. Thus, for example, in section 7(a) coverage is specifically excluded for certain "injuries sustained by the renter, driver or passengers or guests." Haynes' son would seem to be only an occupant or guest, as opposed to a passenger. The law looks at passengers as those riding in a vehicle for a consideration, pursuant to an express or implied contract with the driver or owner. Thus, it has been stated that "when used in distinction to the term 'guest' (as in the agreement in the instant case), 'passenger' presupposes some contractual basis and imports a pecuniary benefit to the operator." 4 Blashfield, Cyclopedia of Automobile Law and Practice, § 2291, at 302. Georgia similarly defines a "passenger". Georgia Code § 18–201. Clearly, no contractual or pecuniary relationship existed between Haynes and his son. 4 Blashfield, supra at 304. The no-passenger prohibition in the agreement may have been designed to protect Young and its insurer, Travelers, against liability if the renter turned the tractor-trailer into a carrier of passengers for compensation, for this might indeed broaden the insurer's risk. In any event, it is contingent on the named insured, Young, who provided the rental form, to make clear the

breadth of the no-passenger prohibition. Juxtaposition of "passenger" and "guest" in section 7 leads to the conclusion that "passengers" should be given its narrow legal meaning in section 3. Any ambiguity on this account is, of course, interpreted against the party who supplied the form, Young. See, e. g., Georgia Code § 20–704(5). If Young meant to prohibit carriage of someone in Haynes' son's position, he should have made this explicit in the agreement.

The court also holds for the defendant, Federal Insurance, on another, more general, ground. Even if the no-passenger clause of the Young-American Syrup agreement was violated, the court is of the opinion that this is no bar to coverage by Haynes and American Syrup under the Travelers policy. There are a plethora of cases in which the insurer seeks to use a violation of instructions, not included in the insurance policy itself, to deny coverage under an omnibus clause extending protection to the named insured and others using the vehicle in question with his permission. Our case does not present the usual scenario in which the issue arises, however. Generally, the insurer cites the violation of an express instruction given by its named insured, an employer, to its employee, the violator. In the instant action, the violation, if there was one, is by the employee of an employer contracting with the named insured, not an employee of the named insured itself. However, for reasons which will become evident, the two situations, the former quite common, the latter quite rare, should be guided by identical principles.

It is generally held in this country that where the violation of express or implied instructions consists merely of carrying guests in the insured vehicle, this alone will not deprive the driver and his employer of coverage under an omnibus clause, if the use of the vehicle is otherwise proper. 8 Appleman, Insurance Law and Practice, § 4370, at 332. The leading case is Hartford Accident and Indemnity Co. v. Collins, 96 F.2d 83

(5th Cir., 1938). There Collins was injured in a car belonging to Continental Oil Company and driven by its employee, Waltermeyer. Continental's rules prohibited employees from carrying guests, but Waltermeyer, in disregard of these instructions, invited Collins to go with him on a trip within the scope of his employment. After an accident due to Waltermeyer's negligence, suit was filed against Waltermeyer, his employer, Continental Oil, and the Indemnity Company as insurer. The Fifth Circuit affirmed a judgment against the Indemnity Company. The Court concluded that simply because the employee was violating its employer's rules did not mean that the employee was driving without the "permission" of the employer, for purposes of the omnibus clause. The Court noted that the underlying insurance policy made no reference to the named assured's rules. The conclusion in *Hartford* has been applied in numerous cases to uphold coverage, despite a violation of company rules governing transport of passengers or guests. See, e. g., Galletly v. Eagle Indemnity Co., 65 F.Supp. 968 (E.D.Pa., 1946); Annot., 5 A.L.R. 2d 600 (1949), especially § 21; American Casualty Co. of Reading, Pa. v. Windham, et al., 26 F.Supp. 261 (M.D. Ga., 1939) (dictum), aff'd. 107 F.2d 88 (5th Cir., 1939), cert. den. 309 U.S. 674, 60 S.Ct. 714, 84 L.Ed. 1019 (1940). The point made by many courts is that despite violation of the no-passenger rule, the vehicle is still employed for its permitted purpose. Indeed, courts have found that omnibus clauses have not been violated in instances of greater deviation from instructions than any that might exist in the instant case. See, e. g., Strickland v. Georgia Casualty & Surety Co., 224 Ga. 487, 162 S.E.2d 421 (1968); Galletly v. Eagle Indemnity Co., supra; and Maryland Casualty Co. v. Marshbank, 226 F.2d 637 (3d Cir. 1955), in which coverage under omnibus clauses was upheld where the vehicles were used for their permitted purpose but were operated in express violation of orders. See, also, Annot., 4 A.L.R.3d 10 (1965).

The permitted purpose was considered the crucial factor. Otherwise, the mere negligent operation of the vehicle might make its use violate the "permission" language in the omnibus clause. See *Strickland,* supra.

Some courts have gone so far as to say that if there is initial permission for the use of the vehicle, insurance coverage attaches even though liability arises out of a subsequent use for an unauthorized or unintended purpose. See, e. g., Louisiana cases quoted in Peerless Insurance Co. v. Schnauder, 290 F.2d 607 (5th Cir., 1961), *cert. den.* 368 U.S. 830, 82 S.Ct. 52, 7 L.Ed.2d 33 (1961); Gonzalez v. National Surety Corp., 266 F.2d 667, n. 1 (5th Cir., 1959). See, also, Johnson v. Maryland Casualty Co., 125 F.2d 337 (7th Cir., 1942), for citations displaying the split of authority on this point. This court need not go so far here, however. In the instant case, the only violation alleged was Haynes' breach of the no-passenger clause in the Young-American Syrup agreement, not itself part of the insurance contract. The truck was being used at the time of the accident for the employer's business. Under these circumstances, the *Hartford* doctrine bars Travelers from using an agreement unmentioned in the Travelers policy as a defense against coverage for Haynes and his employer, American Syrup. Nor is there any reason, under the present facts, to arrive at a different result because of the inclusion of the words "actual use", rather than "use", in the policy's omnibus clause. See, e. g., Strickland v. Georgia & Surety Co., supra; Annot., 4 A.L.R.3d 10, 17 § 2(a) (1965).

As stated earlier, this case has some factual differences from the normal omnibus clause. Here the violation alleged is breach of an agreement between the violator's employer and the named insured, rather than a breach of the employer's own instructions. However, this factual difference should not change the result in the case. It is a difference without a distinction. Here, as in the general run of cases, the insurer seeks to set out the supposed violation of a condition extraneous to the insurance policy. Here, as in those cases, the insurance company seeks to find a violation of its omnibus clause through the violation. Here, too, a no-passenger provision is involved. That the violation is of an agreement involving the employer, rather than of the employer's own instructions, is irrelevant. In point of fact, the agreement entered into by the employer could be interpreted as the employer's instructions.

For the reasons stated above, Travelers is hereby ORDERED to pay $11,-014.65 to Federal Insurance Company, since both Haynes and American Syrup and Preserving Company were insureds at the time of the accident, within the omnibus clause of the Travelers policy.