WILLIAM STRUBLE, Sr., PLAINTIFF-APPELLANT, v. FRED BELL AND DOSCH-KING, INC., DEFENDANTS-RESPONDENTS.

Submitted October 25, 1940—Decided January 28, 1941.

For the plaintiff-appellant, *Harold B. Domb* (*Nelson K. Mintz,* of counsel).

For the defendants-respondents, *Townsend & Doyle.*

The opinion of the court was delivered by

HAGUE, J.  This is an appeal by plaintiff from a judgment entered in the Supreme Court in favor of the defendants upon a directed verdict of no cause of action.

The facts of the case show that the township of Rockaway was improving a road by the application of hot tar which was followed by the spreading of stone or gravel thereon. The Dosch-King Corporation, one of the defendants, an independent contractor, supplied the tar to the township, delivered same by truck, and provided a driver for the truck in the person of Bell, the other defendant, as well as a workman to control the flow of tar from the tank truck.  The remaining men on the job whose duty it was to spread and level the tar and gravel were in the employ of the township.

The plaintiff, William Struble, Sr., was such employe of the township of Rockaway, a member of the road-crew engaged in resurfacing highways.  When the accident, which is the basis of this suit, happened he was riding on a truck owned by Dosch-King, Inc., and driven by Bell, its employe, to a

point where his own car was parked, a distance of about 2,500 feet. Others were riding on the truck. Plaintiff was standing on the back platform of the truck holding on to a tankvalve. The truck hit a lift or depression in the roadway and plaintiff was thrown off and injured. If Dosch-King, Inc., is to be held answerable for the plaintiff's injury it must be on the theory of *respondeat superior, i. e.,* that the company's driver, Bell, had invited him to ride on the truck and that the invitation extended was within the scope, express or implied, of the driver's authority. *Zampella* v. *Fitzhenry,* 97 *N. J. L.* 517. There is no evidence from which such authority can be inferred, nor is there evidence that Bell, on his own responsibility, invited the plaintiff to ride. Assuming that he knew the plaintiff was on the truck, although he did not invite him, the plaintiff's status was that of a licensee to whom the driver had the duty only of refraining from willful and wanton negligence. There is no evidence of such kind of negligence.

At the conclusion of the entire case the trial judge held as a matter of law that the plaintiff-appellant had failed to prove an invitation to ride on the defendant's truck and that he therefore was (a) a licensee as to the defendant Fred Bell, and (b) a trespasser as to the defendant Dosch-King, Inc. We think the learned trial judge had the correct view of the evidence.

The plaintiff boarded the truck without being invited to do so by the driver. He was asked: *"Q.* Did you say anything to the driver? *A.* No, sir." On this important point Bell was questioned and answered as follows: *"Q.* Did you know William Struble at all? *A.* No. *Q.* Had you ever met him before in your work? *A.* No. *Q.* Did you know he was on the back of the truck at that time? *A.* No. *Q.* Did you invite him on the truck? *A.* No, I didn't. *Q.* Did you say anything to him before you started that trip? *A.* No."

The witness Bolton testified as follows: *"Q.* Did you know that Struble got on your truck that afternoon? *A.* I think Mr. Scherzer instructed his men to get on the truck. *Q.* Did you ask Struble to get on the truck? *A.* No, sir. *Q.* Did Bell ask him to get on the truck? *A.* Not that I know.

*Q.* Did you extend any invitation at all to him to be on your truck that afternoon? *A.* No, sir. *Q.* Had you received any instructions from your employers with respect whether you could or could not take anyone on that truck? *A.* Not to have anyone riding on the truck outside of our own employes. *Q.* Well, now, can you explain how it happened that these men were on your truck that afternoon? Do you know how they got on there? *A.* How they got on there; they just got on. Mr. Scherzer told him to get on. *Q.* He is the Rockaway township engineer? *A.* Yes."

The quoted testimony makes it clear that the trial judge properly concluded that no liability existed in the premises either on the part of Bell, the employe, or is employer. In the case of Bell no willful or wanton negligence was shown—as to his employer, no invitation, express or implied, was proven. See *Kluber* v. *Pferdeort,* 15 *N. J. Mis. R.* 651; *affirmed,* 120 *N. J. L.* 190.

The other two grounds of appeal have been examined but possess no merit.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.