.269 P.2d 1057

## MacDONALD v. EICHENAUER.

### No. 5831.

Supreme Court of Arizona.

May 10, 1954.

Frank E. Flynn, Phoenix, for appellant.

Clarence O. Fehling, Moore & Romley by Anthony T. Deddens, Phoenix, for appellee.

UDALL, Justice.

Plaintiff sued to recover damages for personal injuries. After a verdict was returned against him judgment was entered thereon, and from this judgment and the order denying a new trial, he appeals. For clarity we shall refer to the parties as plaintiff and defendant. The sole question presented is whether the facts of the case justified the trial court in instructing the jury on the law of contributory negligence, plaintiff contending that this was not an issue in the case, and defendant contending that it was.

We must take the facts in the light most favorable to upholding the action of the lower court in giving the instructions now complained of. The material facts are as follows: plaintiff is a laborer 59 years of age, and on March 7, 1952 was cutting trees for himself at defendant's hay yard in Phoenix. Defendant wanted to get a large piece of farm machinery, to wit, a cultivator, from a place about one-half mile distant and bring it on his truck to the hay yard. At his request, plaintiff accompanied him to aid in loading the cultivator. They discovered it was too heavy for two men to lift, and returned to the hay yard to get defendant's brother-in-law, John Venche, to help them. They drove back with all three men in the cab and were able to load the cultivator onto the truck, which was described as a flat rack, half-ton Chevrolet truck. The cultivator was wider than the truck bed, and one end of it projected over the right side of the bed a distance of two feet. The cultivator was not secured or fastened to the truck bed in any manner.

Plaintiff climbed onto the truck bed and sat with his back against the cab, facing the rear of the truck, and proposed to ride there on the return trip to the hay yard. Defendant twice requested him to sit in the cab but he refused. On this return trip defendant, when the road narrowed, drove too close to some mail boxes on the side of the road, and the end of that portion of the cultivator which was projecting over the right side of the truck bed struck the mail boxes, swinging the cultivator around on the truck bed so far that it was thrown partially off. When the cultivator swung

around, part of it struck or passed over plaintiff's right hip, knee, and ankle, thereby injuring him. Fortunately the injuries did not prove to be permanently crippling.

Broadly speaking, contributory negligence consists in the neglect of that duty imposed upon all men to observe ordinary care for their own safety. It is an act or failure to act that does not constitute the exercise of ordinary care under the circumstances and is the proximate cause or a contributing cause of the injury received. 38 Am.Jur., Negligence, Section 181. Sound public policy is the basis of the doctrine, and "It is invoked in order that those who are of an age or state of mind to exercise due care must do so, and in order that responsibility for their own negligent acts shall not be placed on the shoulders of others. * * *" Womack v. Preach, 64 Ariz. 61, 165 P.2d 657, 659. If there is any substantial evidence from which reasonable men may infer that the party claiming affirmative relief from harm caused by the alleged negligence of another was himself negligent and such negligence caused or contributed to the harm suffered, then the jury must resolve the issue. Dennis v. Stukey (on motion for rehearing), 37 Ariz. 510, 295 P. 971. However, where the evidence will not permit such an inference on the part of plaintiff there is no issue for the jury. Southwest Cotton Co. v. Clements (on motion for rehearing), 25 Ariz. 169, 215 P. 156.

The record in this case shows that plaintiff knew the cultivator was a heavy piece of farm machinery, and knew it protruded over the side of the flat bed truck a distance of two feet and knew it was not fastened or secured to the bed of the truck in any manner. He had ridden in the cab of the truck with defendant and John Venche and knew there was room for three men therein, and despite this knowledge and despite two requests to ride in the cab, he voluntarily chose to ride on the bed of the moving truck. We believe these facts warranted a finding by the jury that there existed a danger of injury to the plaintiff, and that plaintiff having full knowledge of such danger did not act as a reasonable, prudent man in voluntarily subjecting himself thereto, and the jury would have been justified in finding him guilty of contributory negligence as hereinbefore defined. This is in full accord with text statements found in 38 Am.Jur., Negligence, Section 184, wherein it is stated in part,

"Fault on the part of the defendant is to be found in action or nonaction accompanied by knowledge, actual or implied, of the probable results of his conduct; and fault on the part of the plaintiff is to be determined by the same test. An essential element of contributory negligence is that the person to be charged therewith knew, or by the exercise of ordinary care should have known, of the circumstance or condition out of which the danger

arose. * * * As it generally is expressed, a plaintiff will not be held to have been guilty of contributory negligence if it appears that he had no knowledge or means of knowledge of the danger, and conversely, he will be deemed to have been guilty if it is shown that he knew or reasonably should have known of the peril and might have avoided it by the exercise of ordinary care. * * *"

And it accords with Section 188,

"Care in avoiding injury implies that there is, or would be with all prudent persons, something to create a sense of danger. A plaintiff's knowledge of the physical characteristics of the offending instrumentality or condition does not, in itself, constitute contributory negligence. A voluntary exposure to a known danger is an essential element of contributory negligence. * * *"

 Plaintiff urges he cannot be held at fault because he did not anticipate that defendant would negligently drive too near the mail boxes and the cultivator would be moved thereby. It is established law that a plaintiff is not contributorily negligent if he did not foresee the harm, and could not have foreseen it in the exercise of reasonable care, Southwest Cotton Co., v. Clements, supra; Cf. West v. Cruz, 75 Ariz. 13, 251 P.2d 311; but as we see it this case does not fall within that rule. Here plaintiff placed himself in a position of danger wherein he should have foreseen that a particular harm, to wit, bodily injuries inflicted by movement of the farm machinery, might be the end result of his act. The force which caused the movement of the machinery might come from one or more of a number of sources or be set off by varying circumstances not foreseeable in all their detail. However, this does not excuse the plaintiff's fault in voluntarily undertaking a known risk of harm which a reasonably prudent person would not have undertaken in the same circumstances, which caused or contributed to his injuries. In this connection it is also urged that plaintiff did not cause or contribute to his own injuries except in the sense that he furnished himself as the victim of defendant's negligence. However, we think the causal requirement is satisfied by plaintiff's voluntarily subjecting himself to an unreasonable risk of harm, and there is a sufficient nexus between his acts and the injury suffered for reasonable men to impute fault or responsibility therefor to him, and this is all the law requires.

Judgment affirmed.

PHELPS, C. J., and STANFORD, LA PRADE, and WINDES, JJ., concurring.