**Elaine HOTTOVY, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Third-Party Plaintiff,**

v.

**CESSNA AIRCRAFT COMPANY, Third-Party Defendant.**

**No. Civ.–3441–Phx.**

United States District Court
D. Arizona.

Jan. 24, 1966.

Robert G. Begam, Langerman, Begam & Lewis, Phoenix, Ariz., for plaintiff.

William P. Copple, U. S. Atty., by Richard C. Gormley, Asst. U. S. Atty., for defendant.

CRAIG, District Judge.

The above entitled cause came on for hearing before the Court on January 3, 1966, upon the defendant's motion for summary judgment pursuant to Rule 56 (b) Federal Rules of Civil Procedure. Affidavits, documents and memoranda were submitted by both parties. The matter was argued to the Court and the matter taken under advisement. The Court being fully advised in the premises, entered its Order January 4, 1966, granting the defendant's motion for summary judgment. This opinion is in support of that Order.

There appears to be no genuine dispute with respect to the facts giving rise to the action.

On May 4, 1960, one Lt. Julian R. Knight, an officer on active duty with the United States Army departed from Wichita, Kansas, as pilot in command of a government owned military helicopter on a ferry flight to Edwards Air Force Base, California. He arrived in Phoenix, Arizona, on May 7, 1960, and remained there overnight. On Sunday, May 8, 1960, he departed from Sky Harbor Airport at Phoenix, Arizona, for a brief proficiency flight in the immediate area. Prior to commencing the flight, Lt. Knight invited one Elaine Hottovy to be his guest in the aircraft. Miss Hottovy was a civilian employed by Trans World Airlines as an airline hostess. The aircraft subsequently crashed and Miss Hottovy was injured. Suit was commenced by her under the Federal Tort Claims Act.

The United States by a third party complaint sought to join Cessna Aircraft Company on a claim for indemnification. At the time of the filing of this motion, Cessna Aircraft Company had not been formally included as a party defendant. A previous attempt of the plaintiff to bring in the Cessna Aircraft Company in the action was denied on jurisdictional grounds. The basis for suit against the United States is 28 U.S.C. 1346(b), the Federal Tort Claims Act.

To predicate liability on the part of the United States, plaintiff seeks to invoke the doctrine of respondeat superior.

■ Attached to the defendant's motion was a certified copy of Army Regulations 96–20. These regulations set forth with extreme particularity the policy of the United States regarding the transportation of persons on Government owned aircraft other than military air transport service scheduled aircraft. The regulations are not set forth in detail here. Suffice it to say that the plaintiff was not within any of the categories therein enumerated. This is not disputed by the plaintiff. The regulations are issued by order of the Secretaries of the Army, the Navy and the Air Force, and no delegation of authority to change them exists as far as the classification of the plaintiff is concerned. Lt. Knight, therefore, had no authority to invite on the aircraft a third party not provided for in the regulations.

■ While the general rule is that the employer is liable for the torts of the servant who is in the scope of his employment, even if the servant's conduct consists of forbidden acts, where the injured plaintiff is an unauthorized invitee of the employee, a recognized exception exists. Restatement of the Law, Agency 2d (1958) § 242 states:

"Liability to Invitee of Servant.

"A master is not subject to liability for the conduct of a servant towards a person harmed as the result of accepting or soliciting from the servant an invitation, not binding upon the master, to enter or remain

upon the master's premises or vehicle, although the conduct which immediately causes the harm is within the scope of the servant's employment."

There does not appear to be any specific Arizona case directly in point; however, Arizona strongly relies upon and has accepted the Restatement of Agency on many occasions. Vickers v. Gercke, 86 Ariz. 75, 340 P.2d 987; Larson v. Arizona Brewing Co., 84 Ariz. 191, 325 P.2d 829; Throop v. F. E. Young and Co., 94 Ariz. 146, 382 P.2d 560.

It is the opinion of this Court that United States v. Alexander, 234 F.2d 861 (CCA 4, 1956), cert. den. 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86 (1956), is controlling. In that case a United States Air Force pilot transported one Stewart Alexander, a professional golfer, in a United States aircraft. In reversing the decision of the Court below [Alexander v. Civil Air Patrol, D.C., 134 F.Supp. 691], the Court had before it substantially the same set of regulations concerning the carriage of passengers in military aircraft other than aircraft operated by the Military Air Transport Service. The Court pointed out at page 865 of 234 F.2d that Alexander did not fall within any of the classifications of personnel set forth in the regulations. The Court said: "These Regulations have been worked out with great care and precision by the highest governmental authority under the terms of the statute and it goes without saying that neither the CAP officers who made arrangements for the flight nor the Air Force lieutenant who undertook it had authority to disregard them. It is also true that even the Commanding General in charge of the headquarters of the CAP had no such power."

■ The contention of the plaintiff that she should be granted additional time for discovery of facts indicating her passage in the helicopter was authorized is without merit, in view of the elapsed time since the action was initiated, and of no value in view of the applicable law.

■■ In light of the foregoing, it is not necessary to deal with defendant's further contention that plaintiff was a trespasser. The concern of plaintiff that summary judgment for the defendant, United States, in this case would prejudice her claim against the third party defendant, Cessna Aircraft Company, in the proper venue is without basis. It is further noted that this area of the case had been previously ruled on by Order of this Court dated September 18, 1964.

As stated in this Court's Order of January 4, 1966, the defendant's motion for summary judgment is granted and the third party complaint is dismissed.