546 P.2d 1146

Marvin **JAMES** and Barbara H. James, individually and as husband and wife and as surviving parents of John Marvin James, Deceased minor, Appellants,

v.

**AETNA LIFE & CASUALTY, Appellee.**

**No. 2 CA–CIV 2016.**

Court of Appeals of Arizona, Division 2.

March 17, 1976.

Rehearing Denied April 14, 1976.

Law offices of Richard D. Grand by James G. Heckbert, Tucson, for appellants.

Chandler, Tullar, Udall & Richmond by D. B. Udall, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

When will deviation from permissive use preclude coverage under the omnibus clause? That is the issue to be determined in this appeal from the judgment entered after a bench trial.

Appellants are the parents of a sixteen-year old boy who was killed when a vehicle driven by Leonard Robles collided with the rear-end of a vehicle the boy was attempting to rig for tow, crushing him between the disabled and towing vehicles. The truck operated by Robles was owned by Adams Tree Service, Inc., his employer. Appellants brought a wrongful death action against Robles and Adams. Appellee brought an independent action seeking a declaratory judgment to the effect that its policy issued in the name of Adams did not cover Robles on this occasion for the rea-son that Robles, at the time of the accident, was not using the vehicle with Adams' permission. Appellee prevailed in the declaratory judgment action, the court ruling that appellee's policy did not provide coverage for the accident.

Appellants contend the court's decision was based upon an erroneous interpretation of the law concerning permissive use within the meaning of the omnibus provision in the policy which states:

"II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

\* \* \* \* \* \*

(c) any other person while using an owned automobile with the permission of the named insured provided his actual operation . . . thereof is within the scope of such permission, . . .

\* \* \* \* \* \* "

On the day of the accident, Robles left the Adams lot at approximately 4:45 p. m. He then drove a fellow employee home and returned to the Adams lot. After again leaving the lot, Robles drove to his brother-in-law's house located on South 8th Avenue. At 11:30 p. m. he went to a bar on 36th Street. At approximately 12:30 a. m. he returned to the house on South 8th Avenue. He then used the company truck to drive his brother-in-law to a service station near 22nd Street and Interstate 10 where they had a tire from the brother-in-law's truck repaired. Robles then drove his brother-in-law home and proceeded to drive toward his own house. The collision occurred at 1:48 a. m. on December 1, 1973, on West Ajo Way, a place where Robles might have been had he driven straight home from work.

Courts are not in agreement as to what legal theory to apply in determining when a deviation from the purpose and use for which permission is granted will preclude coverage under the omnibus clause of an automobile liability insurance policy. Three rules have been adopted: (1) the strict,

conversion or specific purpose rule, (2) the "hell or high water rule" and (3) the minor deviation rule. See Annot. 5 A.L.R.2d 600 (1949).

Under the strict, conversion, or specific purpose rule the time when the bailment was to expire must not have passed; the place where the vehicle is used must be one either specified or contemplated by the parties; and the use made of the automobile at the time of the accident must be one either contemplated or specified. All these elements must be present in order for permission to exist. See, 12 Couch on Insurance 2d Sec. 45:464 p. 452 (1964).

The "hell or high water" rule which extends coverage if there was initial permission to use the car, no matter how gross the deviation may be, was specifically rejected by our Supreme Court in *Universal Underwriters Ins. Co. v. State Auto & Cas. Underwriters*, 108 Ariz. 113, 493 P.2d 495 (1972).

The intermediate position is the "minor deviation rule", i. e. if the bailee's use is not a gross, substantial, or major violation, even though it may have amounted to a deviation, protection is still afforded to the bailee under the omnibus clause. Thus, under this rule the deviation is "material" or "major" when the deviation from the purpose for which the permission was originally granted was substantial in terms of duration, distance, time, or purpose. *Speidel v. Kellum,* 340 S.W.2d 200 (Mo. App.1960); *Farmers Mut. Auto. Ins. Co. v. Noel,* 211 F.Supp. 216 (W.D.Mo.1962); 12 Couch on Insurance 2d Secs. 45:474 and 45:475; Annot. 5 A.L.R.2d 600, 636.

Considering the purpose of the financial responsibility laws as expressed in *Jenkins v. Mayflower Insurance Exchange,* 93 Ariz. 287, 380 P.2d 145 (1963), we believe the "minor deviation" rule best advances the public policy of the state.

Robles was given the use of the truck for transportation to and from work. He had no authority to drive it for his own personal use. While it is true that his employer did not specify a time frame for traveling to and from work, a reasonable time to accomplish the trip must be implied. Robles left work at 4:30 p. m. and the accident occurred at 1:48 a. m. the next day. During this time he had been to his brother-in-law's home, a bar, a gas station for a purpose unconnected with his employment, and back to his brother-in-law's house.

The lower court, as the trier of fact, found that Robles was not within the scope of the permissive use "because of the time element of when the accident occurred in relationship to when he left his place of employment." Whether or not Robles' operation of the vehicle at the time of the accident was within the "minor deviation" rule was a question for the trier of fact. The lapse of nine hours from the time Robles left his place of employment until the accident occurred justified the trier of fact in concluding that, in view of the purpose of the permsisive use, i. e. transportation to and from work, the deviation was not minor. We therefore, cannot agree with appellants' contention that the trial court erred in concluding that Robles was not a permissive user within the ambit of the omnibus clause. Cases cited by appellants involving an employee's return, after a deviation, to the scope of his employment are not apposite here.

Affirmed.

KRUCKER, J., concurs.

HATHAWAY, Judge (specially concurring).

The trial court and the majority conclude that Robles was not within the scope of the permissive use because of the time of the use. This court-imposed time restriction is at odds with the uncontroverted evidence, namely the testimony of Anthony Adams, vice president of Adams Tree Service, who authorized the use and answered affirmatively that no time limit was placed " . . . on when he was to be home, nor did the rules say anything about

the time limits in which he was to go to and from his home . . . " The uncontroverted evidence is that the vehicle was in a normal home-bound route at the time of the accident and Robles' statement confirms that he was in route home.

I reach the same result as the trial court and the majority on the portion of his statement that he had " . . . about 4 or 5 beers between 5:30 and 12:30 p. m. [sic]" Company Rule 5 provides:

> "No one may drive a company vehicle after consuming alcoholic beverages for at least two hours after consumption."

Robles was in violation of this rule and was, therefore, not a permissive user at the time of the accident. For that reason I would affirm.