884 P.2d 242

Carol REISCH, Plaintiff–Appellant,

v.

M & D TERMINALS, INC., Defendant–Appellee.

Carol REISCH, Plaintiff–Appellant/Cross–Appellee,

v.

Orla REISCH, Defendant–Appellee/Cross–Appellant,

and

M & D Terminals, Inc., Defendant–Appellee.

INTEGRAL INSURANCE COMPANY, Plaintiff–Appellant/Cross–Appellee,

v.

Carol REISCH, Defendant–Appellee/Cross–Appellant.

Nos. 1 CA–CV 90–0659, 1 CA–CV 91–0309 and 1 CA–CV 91–0487.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 9, 1994.

Reconsideration Granted Oct. 6, 1994.

David L. Sandweiss, Phoenix, for Carol Reisch.

Lewis and Roca by Merton E. Marks, Janet Napolitano and James T. Acuff, Jr., Phoenix, for M & D Terminals, Inc. and Integral Ins. Co.

Jones, Skelton & Hochuli by Peter G. Kline and Phillip H. Stanfield, Phoenix, for Orla Reisch.

## OPINION

KLEINSCHMIDT, Judge.

This consolidated appeal arose out of a single vehicle accident. There is also a cross-appeal. We will set forth the specific facts which are pertinent to the various issues raised as we discuss those issues, but the basic facts which gave rise to the litigation are as follows.

Orla Reisch was a truck driver for M & D Terminals, Inc. On a day in April 1988, Orla's wife, Carol, agreed to accompany him on a trip for his employer from Phoenix to Tuba City. Orla was driving a tractor pulling double trailers. On a downgrade north

of Flagstaff in a heavy rain, Orla passed a pickup truck at a speed of 55–60 miles per hour. As he completed the pass, the trailers began to sway, Orla lost control, and the truck left the highway and rolled over. Carol was ejected from the truck and severely injured.

The accident gave rise to three separate actions which have been consolidated in this appeal. We refer to the cases as Reisch I, II, and III.

**Reisch I** (1 CA–CV 91–0309) Carol Reisch brought this action against her husband, Orla Reisch, and his employer, M & D Terminals, Inc. The claim against M & D was based on vicarious liability for Orla's negligent driving. Summary judgment was granted in favor of M & D based on the rule embodied in the Restatement (Second) of Agency section 242 which, in essence, states that an employer is not liable for injuries to a passenger riding in the employer's truck in knowing violation of a rule which forbids carrying passengers.

Carol then sought to amend her complaint to add a separate cause of action against M & D for negligent hiring and failing to properly train, supervise, or monitor Orla. This motion was denied. Carol prevailed on her negligence claim against Orla and was awarded damages in a trial to the court. The trial judge, however, denied Carol's motion to recover costs and attorney's fees. Carol appeals all three of these unfavorable rulings.

Orla filed a cross-appeal from the trial court's order granting summary judgment in favor of Carol on Orla's claim that she was comparatively negligent because she rode with him in violation of the no passenger rule when she had reason to believe he was a dangerous driver.

**Reisch II** (1 CA–CV 91–0487) Integral Insurance Company, M & D's insurer, brought this declaratory judgment action against Orla and Carol Reisch seeking a declaration that Integral was not required to indemnify Orla for any judgments entered against him in Carol's favor. The insurance company claimed that Orla's violation of the no passenger rule negated his permission to drive the truck, so that he was not an insured under

the terms of the policy. Carol counter-claimed against Integral on this issue, and she prevailed on cross-motions for summary judgment. She appeals the partial denial of her motion for attorney's fees.

**Reisch III** (1 CA–CV 90–0659) To avoid the expiration of the statute of limitations, Carol filed this action against M & D while her motion for leave to amend the complaint was pending in Reisch I. She alleged the identical claim for negligent hiring and failure to train, supervise or monitor that was the subject of her motion to amend. M & D filed a motion to dismiss on the grounds that Carol's suit was an impermissible horizontal appeal of the denial of the motion for leave to amend in Reisch I. The motion to dismiss was granted, and Carol appeals this ruling.

### REISCH I

### THE TRIAL COURT CORRECTLY APPLIED THE RESTATEMENT (SECOND) OF AGENCY SECTION 242

■ M & D Terminals based its motion for summary judgment in Reisch I on the Restatement (Second) of Agency section 242 which reads:

> A master is not subject to liability for the conduct of a servant towards a person harmed as the result of accepting or soliciting from the servant an invitation, not binding upon the master, to enter or remain upon the master's premises or vehicle, although the conduct which immediately causes the harm is within the scope of the servant's employment.

M & D's company policy forbade drivers from carrying unauthorized passengers. This policy was in accord with a federal safety regulation found at 49 C.F.R. section 392.60. In 1988, Orla had signed a document which read:

> NO ONE IS PERMITTED TO RIDE IN YOUR TRUCK OTHER THAN THOSE STATED IN SUBPART G—PROHIBITED PRACTICES—SECTION # 392.60 [of the federal Motor Carrier Safety Regulations].
>
> THIS IS ALSO A COMPANY POLICY AND WILL NOT BE TOLERATED.

ANYONE FOUND TRANSPORTING UNAUTHORIZED PERSONS WILL BE TERMINATED....

Orla testified that when he signed the document he clearly understood that he could not take passengers in an M & D truck without company permission. When asked if he understood what would happen if he were caught doing so, he answered: "Be terminated."

At the time her husband asked her to take the trip to Tuba City with him, Carol Reisch knew that she and her husband would be violating company policy if she did so. Before leaving on the trip, they discussed the policy and both made a conscious decision to ignore it.

In granting M & D's motion for summary judgment, the trial court relied on *Hottovy v. United States,* 250 F.Supp. 315 (D.Ariz.1966). In *Hottovy* an army·pilot, contrary to regulations, asked a civilian to join him for a brief helicopter flight. The helicopter crashed, injuring the civilian, and she sued the government under a theory of *respondeat superior* and as the owner of the helicopter. The government's motion to dismiss on the basis of section 242 of the Restatement (Second) was granted.

The trial court also relied on Illustration No. 2 to the Restatement (Second) section 242 which reads:

A, a truck driver for P, invites T to ride with him, this being against orders, *as T should know.* While T is riding in response to the invitation, A drives the truck recklessly to make up for lost time, and thereby injures T. P is not liable to T. [Emphasis added.]

Reisch argues that the Restatement (Second) and *Hottovy* are at odds with other Arizona authority like *Ohio Farmers Ins. Co. v. Norman,* 122 Ariz. 330, 594 P.2d 1026 (App.1979). In *Norman,* a restaurant employee had been told by his employer not to burn trash. The employee did so anyway, and the fire spread to neighboring property. When sued on a theory of *respondeat superior,* the restaurant owners defended on the basis that their employee had violated instructions. Division Two of this court reject-

ed this defense and noted that the general rule is that an employer may be accountable for the wrongful act of an employee committed while acting in the course and scope of his employment even though the employer has expressly forbidden the conduct which gave rise to the injury.

There is an important distinction between cases like *Norman* and the one now before us. In *Norman,* the victims of the employee's negligence were totally innocent. Here, Carol Reisch was in complicity with her husband in the breach of the employer's rule. The Restatement (Second), where it says that an employer is not liable for a person harmed as the result of accepting an employee's invitation which is *not binding upon the employer,* recognizes that such complicity by the injured person is an element of the employer's defense. This element is even more clearly apparent in the illustration to section 242, which includes a reference to the injured person's knowledge that the invitation is issued against the employer's orders. The general rule that an employer is responsible for an employee's acts done in the course and scope of employment, even though the employer has expressly forbidden the conduct which causes the harm, does not apply under the facts of this case.

Carol Reisch would distinguish *Hottovy* because in that case there was no showing that the short flight around Phoenix which ended in the crash was undertaken as a part of the pilot's employment. While she is correct, the distinction is not the point upon which the case turns. The court apparently assumed that the flight was within the scope of the pilot's employment, and then proceeded to apply section 242 of the Restatement (Second).

Finally, Reisch argues that section 242 is the minority rule and ought not be adopted. One case which she cites, *Meyer v. Blackman,* 59 Cal.2d 668, 31 Cal.Rptr. 36, 381 P.2d 916 (1963), does specifically reject section 242. The California Supreme Court declined to give effect to section 242 because it was contrary to long established and clear California case law. We do not follow *Meyer* because Arizona has no case law which is contrary to section 242. Furthermore, *Mey-*

*er* is less persuasive than it might otherwise be because it makes no mention of whether the deceased passenger was aware of the fact that the employee had no authority to allow him to ride in the car.

Arizona follows the Restatement (Second) in the absence of contrary authority. *Jesik v. Maricopa County Community College Dist.*, 125 Ariz. 543, 546, 611 P.2d 547, 550 (1980). Although there is a split of authority on the point at issue, we do not believe that Reisch is correct in characterizing section 242 as the minority rule. A number of courts have adopted section 242. *See Klatt v. Commonwealth Edison Co.*, 33 Ill.2d 481, 490, 211 N.E.2d 720, 729 (1965) (considering divergent authority and adopting section 242). *See also Jones v. Avco Mfg. Corp*, 218 F.2d 406 (8th Cir.1955), *cert. denied*, 350 U.S. 826, 76 S.Ct. 55, 100 L.Ed. 738 (1955); *Meyer v. Culley*, 69 Wyo. 285, 241 P.2d 87 (1952); *Antonen v. Swanson*, 74 S.D. 1, 48 N.W.2d 161 (1951); *Gunn v. Coca–Cola Bottling Co.*, 154 Neb. 150, 47 N.W.2d 397 (1951); *Wilson v. Dailey*, 191 Md. 472, 62 A.2d 284 (1948); *Home Stores v. Parker*, 179 Tenn. 372, 166 S.W.2d 619 (1942); *Struble v. Bell*, 126 N.J.L. 168, 17 A.2d 800 (1941); *Ruiz v. Clancy*, 182 La. 935, 162 So. 734 (1935); *Braselton v. Brazell*, 49 Ga.App. 269, 175 S.E. 254 (1934); *Dempsey v. Test*, 98 Ind.App. 533, 184 N.E. 909 (1933); *Electric Bakeries v. Stacy's Adm'r*, 252 Ky. 20, 66 S.W.2d 70 (1933); *Clark v. Harnischfeger Sales Corp.*, 238 A.D. 493, 264 N.Y.S. 873 (1933).

Finally on this point, the other cases Reisch relies on do not support her position. In *Pierson v. United States*, 527 F.2d 459 (9th Cir.1975), the court criticized the language of section 242 of the Restatement (Second) which says that the master is not liable for an invitation, "not binding on the master," as assuming the question to be decided, i.e., whether the servant had apparent authority to extend the invitation. Assuming the construction the *Pierson* court gives the words "not binding upon the master" is correct, *Pierson* has no importance for the case before us because here, Reisch concedes that her husband had no apparent authority to ask her to ride with him in the truck.

In *Whittle v. United States*, 328 F.Supp. 1361 (M.D.Ala.1971), it is true, as Reisch says, that the court observed that the Supreme Court of Alabama had not adopted section 242. But the court went on to apply a rule—that a person in Reisch's situation can only recover for willful or wanton misconduct—that would bar Reisch's recovery in this case.

In *Pierce v. Der Weinerschnitzel Int'l Inc.*, 313 F.Supp. 740 (W.D.Mo.1970), the jury found as a matter of fact that a wife who was traveling with her husband had the express approval of the husband's employer to do so. That is precisely the opposite of what the evidence in this case shows. *Pierce* does not support Reisch.

■ Reisch, for the first time on appeal, asserts that a rejection of section 242 of the Restatement (Second) would have the salutary effect of preserving consistency between the state and federal law on the subject of interstate carriers and suggests, vaguely, that federal regulations defining "employees" have preempted common law principles of agency and *respondeat superior* in this area of the law. A failure to raise an issue of federal preemption in the trial court waives the issue on appeal. *See Sweeney v. Westvaco Co.*, 926 F.2d 29, 37 (1st Cir.1991). Even if that were not the case, Reisch's argument on this point is so underdeveloped that it precludes analysis.

## THERE WAS NO MATERIAL DISPUTE OF FACT CONCERNING THE RULE AGAINST PASSENGERS

■ Reisch's next argument is that it was not proper to grant summary judgment in favor of M & D because there were disputed questions of fact on the issue of whether M & D should be estopped from claiming that the Reischs knew they were violating a company policy by allowing Carol Reisch to accompany her husband on the trip to Tuba City. Their argument is based on the single assertion that Orla had seen his boss at M & D, Dennis Simmons, carrying a passenger in a company truck. Reisch, relying on Restate-

ment (Second) of Agency sections 33 & 215,[1] argues that Simmons's conduct could have reasonably led Orla Reisch to believe that it was permissible to carry passengers without written authorization. The record does not indicate whether the passenger in Simmons' truck was indeed unauthorized, and nothing in the record suggests that it was accepted custom at M & D for its drivers to carry unauthorized passengers. Orla testified that, while other drivers allowed passengers in their trucks, he could not say that the management of M & D was aware of this. The evidence, taken as a whole, leads irrefutably to the conclusion that the Reischs knew the policy was in force and chose to ignore it. There is no disputed question of fact to justify a trial on this point. *Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).

### *ALLOWING THE PLAINTIFF TO AMEND HER COMPLAINT WOULD NOT HAVE CHANGED THE RESULT OF HER CASE*

■ As we have already explained, after summary judgment was granted on the grounds that section 242 of the Restatement (Second) would preclude recovery, the Plaintiff sought to amend her complaint to allege that M & D was negligent in hiring Orla Reisch and in failing to properly train, supervise or monitor him. The trial judge refused to allow the Plaintiff to file the amended complaint, saying that the request was untimely. The Plaintiff makes a strong argument that it was an abuse of discretion to deny leave to amend, but we believe that M & D has an unanswerable response. M & D points out that even if the Plaintiff could show that it was negligent in hiring and training Orla, the rule established in section 242 of the Restatement (Second) would preclude recovery. As M & D puts it:

Thus, even assuming *arguendo* that M & D negligently put Orla Reisch in the driver's seat, the controlling law of the case was that M & D was not liable to a person harmed by Orla Reisch as a result of that person's knowingly trespassing upon M & D's vehicle. This legal fact breaks the chain of causation. Hence, for a trespasser, it was immaterial whether M & D negligently hired or supervised Orla Reisch. A contrary result would be anomalous.

Carol Reisch's rejoinder to this is to say that there is a distinction between the employer's vicarious liability based on the negligence of its employee which is negated by section 242 and the employer's direct liability for negligent hiring and training which is outside the protection of section 242. According to Carol, the protection afforded by section 242 only comes into play if the employer is liable only by reason of its status as an employer. We are not persuaded by that argument because it ignores the fact that in either case the employee driver was the instrumentality that caused the harm. If Reisch's argument were correct, the policy embodied in section 242 would be significantly undermined.

### *THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE REQUEST FOR SANCTIONS*

■ Carol Reisch claims that the trial judge abused his discretion in refusing to award her fees and expenses against Orla incurred in proving both liability and damages. With respect to liability, Carol asked Orla to admit that it was negligent for him to drive at a speed which was greater than reasonable and prudent and that such negligence was the cause of the accident. She also requested Orla to admit that he had been negligent in passing another vehicle in

---

1. Restatement (Second) of Agency §§ 33 and 215 read as follows:

   § 33. General Principle of Interpretation
   An agent is authorized to do, and to do only, what it is reasonable for him to infer that the principal desires him to do in the light of the principal's manifestation and the facts as he knows or should know them at the time he acts.

   § 215. Conduct Authorized but Unintended by Principal
   A master or other principal who unintentionally authorizes conduct of a servant or other agent which constitutes a tort to a third person is subject to liability to such person.

an unsafe manner, and that this maneuver was also a cause of the accident.

Orla responded to the request for admissions by saying that he was traveling at the speed limit and that his speed was reasonable and prudent. He made no particular response about the passing maneuver except to refer to his assertion that he was driving at a reasonable and prudent speed.

Carol Reisch deposed the police officers who investigated the accident and the eyewitness who had been in the vehicle that Orla was passing at the time his truck went off the road. She also hired an expert on trucks to establish that Orla had been negligent. Ultimately, she filed a motion for summary judgment on the issue of liability and this was granted. It follows, she says, that she should have been awarded her expenses and fees.

The trial judge did not abuse his discretion in denying the award. While the facts present a strong case for liability, and one which Orla apparently chose not to contest on appeal, they are not so overwhelming that it was totally unreasonable for Orla to require the Plaintiff to develop her case against him. In other words, the trial court could have found on this record that one of the grounds under Rule 37(c), Arizona Rules of Civil Procedure, for refusing to pay expenses existed, i.e., that Orla had reasonable grounds to believe he might have prevailed on this issue, was established.

### THE CROSS–APPEAL

### CAROL REISCH DID NOT ASSUME THE RISK OF AN ACCIDENT AND SHE WAS NOT CONTRIBUTORILY NEGLIGENT

■ Orla Reisch claims that the trial court erred in granting partial summary judgment in favor of Carol on the issue of comparative negligence. He argues that Carol's presence in the truck was a violation of a federal motor safety regulation and that Carol fully understood that, for safety reasons, she was not supposed to be a passenger in the truck.

The rule against carrying passengers, 49 CFR section 392.60, provides that "[N]o driver shall transport any person or permit any person to be transported on any motor vehicle...." On its face, the rule is addressed to drivers and not to passengers. Orla's argument on this point is vague, but we can posit several ways in which obedience to the rule would either reduce accidents or lessen their consequences. First, the presence of a passenger might distract a driver and cause an accident. Carol Reisch acknowledged that she understood this reason for the rule. There is, however, no suggestion that Carol's presence in any way contributed to the accident. If the presence of a passenger was not the proximate cause of the accident, no finding of negligence can be predicated on that circumstance. *See Fox v. Lyte,* 143 A.D.2d 390, 532 N.Y.S.2d 432, 434 (App.1988).

Second, the no passenger rule would lessen the consequences of an accident by limiting the number of people exposed to harm. In other words, if Carol had not been a passenger she could not have been injured. Orla does not expressly make this argument, and he has cited no case which holds, with respect to a driver who has actually invited a passenger to ride, that a passenger's contributory negligence can somehow be predicated on this second reason for the rule against carrying passengers.

Orla has another argument as to why it was error to grant summary judgment against him on the issue. According to Orla, Carol also knew that he had been involved in two previous accidents and knew that he was a careless driver. Carol testified about her husband's driving habits:

Q: Were you at all concerned about your husband as a driver? Did you feel he was safe?

A: He scares me in the car even. But no, not—just normal I guess. I don't know. Didn't really worry me at the time, no.

Q: What do you mean, he scares you in the car?

A: He just gets too close. He switches lanes all the time, and it scares me.

We observe at the outset that this argument is really one of assumption of the risk rather than contributory negligence. *See Galindo v. TMT Transport, Inc.,* 152 Ariz. 434, 437, 733 P.2d 631, 634 (App.1986). We

believe it was proper for the court to grant summary judgment on this issue. Orla's accident history was negligible. One of the accidents had been the fault of the other driver and the other accident was a rear-end collision of undisclosed severity. Although Carol said that when Orla was driving a car he got too close to other cars and switched lanes frequently, in our opinion, this, taken in context with her other comments about Orla being a normal driver and her having no particular fear on the occasion of this trip, is too ethereal to support a finding of assumption of the risk. While a person who rides with a driver who is known to be incompetent or incapacitated may assume the risk of an accident, we agree with the qualification of that rule as stated in 5 Blashfield Automobile Law and Practice section 215.28 at 387:

> As a general rule, a guest, merely because of his knowledge that the driver on former occasions has so driven his automobile as to indicate that he is likely to drive recklessly or carelessly, is not deemed to assume the risk of any such negligence or failure to use due care by accepting an invitation to ride.

Orla relies heavily on two cases, *Mac-Donald v. Eichenauer*, 77 Ariz. 252, 269 P.2d 1057 (1954), and *McGriff v. McGriff*, 114 Ariz. 323, 560 P.2d 1230 (1977), for the proposition that there was a question of fact as to whether Carol Reisch was contributorily negligent. In *MacDonald* the plaintiff, who had twice been asked to ride in the cab of a truck and who insisted on riding in the bed, was injured when machinery which was being transported on the bed of the truck shifted and struck him. In *McGriff*, the plaintiff insisted that his brother, who was in a state of exhaustion, drive. This was enough to allow the jury to consider whether the plaintiff had assumed the risk of the brother's falling asleep at the wheel. These cases do not help Orla because in both of them the plaintiff passenger was engaged in some act of specific negligence over and above mere presence in the vehicle that led to his injury. In *MacDonald*, the passenger was riding in a dangerous position contrary to the driver's request, and in *McGriff* the passenger insisted on turning over the wheel to someone who was in no shape to drive.

Orla also refers to the fact that Carol was not riding in a passenger seat at the time of the accident but instead was riding on a carpeted platform that Orla had installed beside the driver's seat. Again, Orla's argument is unclear. He appears to use this fact to reinforce his argument that Carol had no permission to ride in the truck, as opposed to suggesting that had Carol been riding in a regular seat she would not have suffered injuries as serious as those which in fact she did receive. His argument adds little to his case because Carol freely admitted that she knew she was not supposed to be riding in the truck.

### REISCH II

### THE VIOLATION OF THE NO PASSENGER RULE DID NOT NEGATE COVERAGE FOR THE DRIVER

■ This case, Reisch II, was brought by Integral Insurance Company seeking a declaration that it had no duty to defend Orla Reisch. Integral issued a Trucker's Policy of Insurance to M & D. The policy, in compliance with the requirements of Ariz.Rev.Stat. Ann. ("A.R.S.") section 28–1170(B), insured anyone who used an M & D vehicle with M & D's express or implied permission against loss arising out of the use of the vehicle. Integral takes the position that since Orla Reisch violated M & D's no passenger rule, he was not driving with the company's permission.

The trial judge, relying on *James v. Aetna Life & Casualty*, 26 Ariz.App. 137, 546 P.2d 1146 (1976), held that the violation of the no passenger rule was the type of minor deviation from the terms of employment which would not negate coverage for the driver. In *James*, Division Two of this court adopted the "minor deviation rule" under which a driver who deviates from the permission to use a vehicle given him by his employer is still insured under the omnibus clause unless the deviation was substantial in terms of duration, distance, time, or purpose. *Id.* at 139, 546 P.2d at 1147.

The insurer insists that the employer's explicit and strict no passenger rule, coupled

with the fact that Carol Reisch, who would benefit from coverage, was implicated in the violation of the rule, render the minor deviation rule inapplicable in this case. The insurer bolsters its argument by reference to an affidavit of M. Dennis Simmons, the Vice President of M & D, who averred that "the presence of an unauthorized passenger in an M & D vehicle nullifies the driver's permission to drive that vehicle." It points out that there is no Arizona case on permissive use which includes the combination of facts presented in this case.

In our opinion, the trial judge correctly ruled that the Integral policy provided coverage for Orla Reisch under the circumstances of this case. Cases from other jurisdictions hold that a breach of the no rider rule is not so substantial a deviation from the permission to use the vehicle as to vitiate coverage under the omnibus clause of a policy like the one we construe in this case. *See Hawley v. Indemnity Ins. Co. of N.A.*, 257 N.C. 381, 126 S.E.2d 161 (1962); *Phoenix Assurance Co. v. Latta*, 373 P.2d 146 (Wyo.1962); *Travelers Indem. Co. v. Federal Ins. Co.*, 297 F.Supp. 1346 (N.D.Ga.1969); *Kobetitsch v. American Mfrs.' Mut. Ins. Co.*, 390 So.2d 76 (Fla.App.1980). At least one case holds that is true even though the passenger knows of the employer's no passenger rule. *Johnson v. National Casualty Co.*, 176 So. 235 (La. App.1937). In *Johnson*, the court quoted extensively from an earlier case, *Utica Mut. Ins. Co. v. Langevin*, 87 N.H. 267, 177 A. 549 (1935), which, save for any reference as to whether the injured rider was aware of the no rider rule, involved facts similar to those present in *Johnson*. The *Langevin* court observed:

> The employee's possession of the truck was rightful, he was using it in the employer's business, and his operation of it was within his service. While he had no right to invite others to ride, likewise he had no right to operate the truck negligently. Carrying passengers and negligent operation were both unauthorized. If the carrying was without, and the negligence within, the scope of the employment, the policy does not make the difference a test of insurance.

> The dual status of the employee in acting at the same time within and without the promotion of his employer's business may be assumed ..., but the question here is not of the validity of the distinction. It is, instead, whether the policy makes the distinction. Nothing is found thus to construe the policy. On the contrary, its purpose to give an unnamed insured as much insurance as the named assured has seems [sic] unmistakable....

> If there is at the same time both an authorized and unauthorized use, the policy protects for liability arising from the latter as much as for the former use.

*Id.* at 267, 177 A. at 549.

Integral suggests that *Johnson* is distinguishable because the unauthorized passenger in *Johnson* was a minor and because the evidence that he knew about the rule forbidding riders was unclear. These points of distinction are not persuasive because the court in *Johnson* assumed the rider knew he was violating a company rule.

Reisch has another argument as to why the insurance policy issued to M & D affords coverage for Orla's negligence. The policy contains the following language:

SECTION II—LIABILITY COVERAGE

A. COVERAGE

We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' ... to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'.

\*      \*      \*      \*      \*      \*

1. WHO IS AN INSURED

The following are 'insureds':

a. You for any covered 'auto'.

b. Anyone else while using with your permission a covered 'auto' you own, hire or borrow ...

The policy then proceeds to enumerate a number of circumstances under which coverage does not apply and in this respect says nothing about an exclusion based upon carrying passengers or violating a company rule. This, says Reisch, brings the case within the holding of *Hartford Accident & Indem. Co. v.*

*Collins,* 96 F.2d 83 (5th Cir.1938). In *Collins,* an employee, in disregard of a company rule, invited Collins to join him on a trip which the employee was making in the course and scope of his employment. Collins was injured in an accident and the insurer denied coverage based on the violation of the employer's no passenger rule. The court rejected this argument, saying,

> Waltermeyer's [the employee's] use of the car on the trip was with his employer's permission.... Does the fact that he was violating a rule in taking Collins into the car annul the employer's permission to use the car? We think not.... The policy makes no reference to the named assured's rules; they do not enter into the insurance. If the insurer intended to restrict the insurance to blameless users by permission of the automobiles, the language of the policy ought clearly so to provide.... We think Waltermeyer continued to be an insured, *though he broke a rule of his employer in taking a companion into the automobile.*

96 F.2d at 84.

The insurance company has not responded directly to this argument based on *Collins.* We assume, however, that it relies on the strong showing it has made that the violation of the no passenger rule negated Orla's permission to drive the truck at all, and that cases like *Collins,* which assume permissive use, simply beg the question. We have taken this line of reasoning into account, but we nonetheless believe that Orla is covered under the policy. Most cases which have considered the question hold that a violation of the no passenger rule will not vitiate coverage. We do not believe that Simmons's affidavit adds anything to the insurer's position because we think it is implicit in all of the cases that had the employer known that a driver was carrying unauthorized passengers, the employer would not have allowed the trip to proceed. It is not that the deviation is "minor" as far as the employer may be concerned, but that in contemplation of law it is "minor" in the context of an omnibus insurance clause.

The insurer has not cited a single decision holding that a violation of the no passenger rule vitiates coverage. It relies on the fact that because Carol Reisch was knowingly involved in the breach of the company rule, she is not the kind of innocent injured party entitled to the benefits of insurance. We disagree. Carol Reisch's conduct was not so egregious as to forfeit coverage in an action against her husband when her husband did not deviate from the permission given him with respect to time, place and purpose.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING PLAINTIFF'S ATTORNEY'S FEES

■ After prevailing on the merits against the insurer, Carol Reisch moved for an award of attorney's fees in the amount of $7,625.00, based on A.R.S. section 12–341.01(A), the statute which allows an award of fees to the party who prevails on an action in contract. The trial court awarded fees in the amount of $3,500 pursuant to A.R.S. section 12–341.01(A). It declined to award the balance because it found that Integral's position was not without some merit and the issue was one of first impression in Arizona. It also found that Carol's having knowingly violated company policy made it inequitable to award her full fees. She now asserts that this was an abuse of discretion.

The legal issue the insurer presented was novel and not specious. The trial court did not abuse its discretion in refusing to award full fees. *See Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985), and *Great Western Bank & Trust Co. v. Pima Sav. and Loan Ass'n,* 149 Ariz. 364, 368, 718 P.2d 1017, 1021 (1986).

■ Reisch also claims that the trial court should have awarded her full fees under the private attorney general doctrine, which is an equitable rule which allows the court to award fees to a party who has vindicated a right that (1) benefits a large number of people, (2) requires private enforcement, and (3) is of societal importance. *Arizona Ctr. for Law in the Pub. Interest v. Hassell,* 172 Ariz. 356, 371, 837 P.2d 158, 173 (App.1991). To say that one has established a new rule of law which will apply in many cases in the future is not the same as saying

that the action Reisch defended benefitted a large number of people. Reisch's defense to the claim benefitted just herself. The private attorney general doctrine does not apply in this case.

### REISCH III

As we noted above, Carol Reisch filed this action alleging that M & D Trucking had negligently hired and supervised Orla Reisch. The trial court dismissed the action on the grounds that it was a horizontal appeal from the ruling in Reisch I denying Carol Reisch the right to file an amended complaint. Given our previous conclusion expressed in our discussion of Reisch I to the effect that Reisch could not recover on a theory of negligent hiring or supervision in the face of the rule expressed in section 242 of the Restatement (Second), we need not belabor the point. The trial court did not err in dismissing the complaint alleging negligent hiring and supervision.

The judgments of the trial court are affirmed in all respects as to each of these three consolidated cases.

LANKFORD, P.J., and GARBARINO, J., concur.