952 P.2d 329

**Marco A. (Tony) REYES, Contestant–Appellant,**

v.

**Clyde CUMING, Contestee–Appellee,**

No. 1 CA–CV 97–0106.

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 11, 1997.

Reconsideration Denied Dec. 30, 1997.

Review Denied March 17, 1998.*

---

* McGregor, J., of the Supreme Court, did not participate in the determination of this matter.

reverse and remand with directions to set aside the election.

## FACTS AND PROCEDURAL HISTORY

Reyes and Clyde Cuming were candidates for a seat on the Yuma County Board of Supervisors at the November 1996 general election. After the ballots were counted, excluding absentee ballots, Reyes led Cuming 1320 votes to 1169 votes. After 1210 absentee ballots were added to the totals, Cuming led Reyes 1861 to 1838. As a result, the Yuma County Board of Supervisors declared Cuming the winner. Reyes filed a timely contest to this election.

The trial court found that the County Recorder had not compared any of the signatures on the outside of the absentee ballots with the registration lists, as required by statute. *See* Ariz.Rev.Stat. Ann. ("A.R.S.") § 16–550(A)(1996). Notwithstanding, the trial court also found that compliance with the statute would place "an undue burden on the Recorder" and that there was "no evidence indicating that any ballot was cast by any person other than the elector who requested the early ballot." Based upon these findings, the trial court held that "the Recorder was in substantial compliance with all of the rules, regulations and statutes governing election for this office," and affirmed the election. Reyes timely brought this appeal.

Meyer, Hendricks, Bivens & Moyes, P.A. by Ed Hendricks, Scott M. Theobald, Paul L. Stoller, Phoenix, for Contestant–Appellant.

Law Offices of Stephen P. Shadle by Stephen P. Shadle, John E. Meerchaum, Yuma, Gallagher & Kennedy, P.A. by Jeffrey D. Gross, Phoenix, for Contestee–Appellee.

## OPINION

WEISBERG, Judge.

Marco A. (Tony) Reyes appeals from the trial court's ruling upholding a contested election. For the reasons set forth below, we

## DISCUSSION

The legislature has established statutory procedures for absentee voting. Upon an elector's request, the Recorder must mail that elector an absentee ballot and return envelope. A.R.S. § 16–542(A),(C). The elector may then complete the absentee ballot and seal it within the provided envelope. The return envelope includes an affidavit printed on the back that requires the elector to certify that he or she is a qualified elector and affix his or her signature. A.R.S. § 16–547(A). The ballot is then placed inside the envelope and returned to the Recorder by mail or in person.

A.R.S. section 16–550(A) directs the Recorder to compare the signature on the outside of the absentee ballot with that on the voter registration form to confirm that the ballot is being cast by a registered elector:

> Upon receipt of the envelope containing the absentee ballot and the completed application, the county recorder ... shall compare the signatures thereon with the signature of the elector on his registration form. If satisfied that the signatures correspond, the recorder ... shall hold them unopened in accordance with the rules of the secretary of state.

This appeal involves the effect of the Recorder's non-compliance with this statute.[1] The parties agree that the Recorder did not comply with section 16–550(A) and that the absentee ballots changed the outcome of the election. We must decide whether these facts, by themselves, require setting aside the election.

Reyes relies heavily upon *Miller v. Picacho Elementary School District No. 33,* 179 Ariz. 178, 877 P.2d 277 (1994). In *Miller,* the Arizona Supreme Court considered a school budget override election in which absentee ballots were distributed in violation of A.R.S. section 16–542(B). Although the statute required absentee ballot distribution by mail, employees of the school district, at the direction of district administrators, personally distributed and returned absentee ballots to and from electors. The trial court set aside the election because of the violations of A.R.S. section 16–542(B). Division Two of this Court reversed because the contestant failed to show any actual fraud.

The Supreme Court vacated the Court of Appeals' decision and affirmed the trial court's judgment setting aside the election. The court held that, even without a showing of actual fraud, the election had to be set aside because (1) absentee ballots were procured in violation of a non-technical statute and (2) those ballots were in sufficient numbers to alter the outcome of the election. *Id.*

The *Miller* court first considered the nature of the statute at issue in that case. "At first blush, mailing versus hand delivery may seem unimportant. But in the context of absentee voting, it is very important." *Id.* at 180, 877 P.2d 277 (1994). The court held that A.R.S. section 16–542(B) advanced the constitutional goal of protecting a secret ballot "by setting forth procedural safeguards to prevent undue influence, fraud, ballot tampering, and voter intimidation." *Id.* (quoting Ariz. Const. art. VII, § 1).

These same values are protected by A.R.S. section 16–550(A); it guarantees that the absentee ballots are being cast by the registered voters and prevents fraud and ballot tampering. *See also* Ariz. Const. art. VII, § 12 ("There shall be enacted registration and other laws to secure the purity of elections and guard against abuses of the elective franchise."). The instant case illustrates the manifest importance of signature comparison because almost one-third of the votes cast were by absentee ballot and each candidate personally returned many of the sealed ballots.

We are not swayed by the Recorder's testimony that it would be difficult to retain handwriting experts to compare these signatures. While having a handwriting expert on hand for exceptional cases might be a sound practice, A.R.S. section 16–550(A) does not require any special expertise on the part of the person making the comparison. The statute merely requires that the comparison be made.

Although the trial court found that it would be impracticable for the Recorder to comply with A.R.S. section 16–550(A), we hold as a matter of law that such a finding does not excuse the complete non-compliance with this non-technical statute. "[E]lection statutes are mandatory, not 'advisory,' or else they would not be law at all." *Miller,* 179 Ariz. at 180, 877 P.2d at 279. If the statute unduly burdens election officials, the

---

1. Reyes also notes that the trial court found a violation of A.R.S. section 16–542(C), which requires that the Recorder mail out the ballots within five days of the receipt of the request. However, Reyes did not independently analyze this issue in his brief and we do not reach that issue. *See Reisch v. M. & D. Terminals, Inc.,* 180 Ariz. 356, 360, 884 P.2d 242, 246 (App.1994). In any event, our resolution of this case renders the mailing issue moot.

Recorder or other appropriate officials may lobby the legislature to change it; until then it is the law. We therefore conclude that the statute is a non-technical statute.

Cuming responds that, even if A.R.S. section 16–550(A) is a non-technical statute, the trial court found that (1) the absentee ballots were cast in substantial compliance with the statute and (2) there was no evidence showing that any absentee ballots were cast by persons other than registered voters.

Although the trial court did find that the Recorder was in substantial compliance with the election statutes, "[a] conclusion not supported by the facts is considered an abuse of discretion." *In re Fallers,* 181 Ariz. 227, 230, 889 P.2d 20, 23 (App.1995). The purpose of A.R.S. section 16–550(A) is to prevent the inclusion of invalid votes. Without the proper signature of a registered elector on the outside, an absentee ballot is void and may not be counted. A.R.S. § 16–552(B).

In the instant case, where a non-technical statute has been disregarded and almost one-third of the ballots cast counted without compliance with A.R.S. section 16–550(A), the trial court abuses its discretion by finding that the Recorder substantially complied with the statute. To rule otherwise would "affect the result or at least render it uncertain." *Miller,* 179 Ariz. at 180, 877 P.2d at 279 (quoting *Findley v. Sorenson,* 35 Ariz. 265, 269, 276 P. 843, 844 (1929)).

Furthermore, the absentee ballots counted in violation of A.R.S. section 16–550(A) indisputably changed the outcome of the election. Before the absentee ballots were counted, Reyes had the most votes; after the absentee ballots were counted, Cuming had the most votes. *Miller* established that an election contestant need only show that absentee ballots counted in violation of a non-technical statute changed the outcome of the election; actual fraud is not a necessary element. *Id.* Therefore, the trial court's finding that there was no evidence that any ballots were cast by persons other than registered voters is irrelevant.

## CONCLUSION

The parties have not argued, and the record does not suggest, that any remedy short of setting aside the election is appropriate here. Therefore, because A.R.S. section 16–550(A) is a non-technical statute and because absentee ballots counted in violation of that statute have rendered the outcome of this election uncertain, we reverse the trial court's judgment and remand with directions to set aside the election.

GRANT, P.J., and McGREGOR, J., concur.